Gas TON, Judge
delivered the opinion of the court s
On a former occasion this case was brought before the court on the appeal of the plaintiff, and then the judgment rendered below was reversed and a new trial ordered, (3 Dev. 31,5.) Upon the second trial, a verdict and judgment were rendered for the plaintiff, and it now comes before us on the appeal of the defendant. — . It presents in substance the same matters for considera-, tion which were then presented, and adjudged, for the Judge was unquestionably correct in declaring, as fie *291 did, that Ann Cloud’s declaration of her motives for not preferring a petition for partition before Jfeal’s death, neither proved an ouster nor furnished evidence sufficient in law from which an actual ouster might be inferred. The law, therefore, applicable to the controversy must be regarded as settled by the previous decision, unless it can be conclusively shown that the former decision was erroneous. No arguments are now urged against it, which were not then urged to prevent it, and a re-consideration of those formerly made does not convince us that an error was heretofore committed.
Every possession will be construed to be consistent with right, unless there be demonstration plain that it is claimed and held otherwise. When the husband of Ann Cloud died, she was unquestionably entitled to an undivided fourth part of the land, for which undivided share she has now sued, and Henry Jfeal was entitled to the other three-fourth parts as tenant in common with her and Jfeal was then in possession. The possession of one tenant in common is in law the possession of all the tenants in common. One however may disseise or oust the others, and from the time of such ouster the possession of him who keeps out the rest is not their possession, but is adverse to their claims of possession. The sole silent occupation by one of the entire property, without an account to, or claim by the others, is not in law an ouster, nor furnishes evidence from which an ouster can be inferred, unless it has been continued for that length of time which furnishes a legal presumption of the facts necessary to uphold an exclusive possession. Twenty years, independently of our act of 1826, constitute that period, and about fifteen years only elapsed between the death of Daniel Cloud and the institution of legal proceedings by Ann Cloiul to have her share allotted in severalty. The act of 1826, if it were applicable to subjects of this description, does not affect the case, for that act bars no antecedent right by a less time than twenty years, if sueh right be asserted within three years after its enactment, and here the petition for partition was filed in a year afterwards. Be- *292 sities this sole possession for an insufficient time to raise the presumption of an ouster, there is no other fact to warrant such a presumption,except theconveyanoes and re-conveyances of a part of the land, hut the case states that these were not followed by any change of possession. If they had been, a solo possession by the bargainee of a part under a deed in severalty for that part, might and probably would amount to a demonstration plain, that such possession was a several holding under that deed, was tantamount to an ouster of that part, and therefore adverse to Mrs. Cloud’s claim of a right to the possession thereof.
It is the opinion of the court that the judgment which has been rendered is correct and must be affirmed.
Per Caniam — Judgment aerarme n.