DOE *ex dem* MARGARET McLENNAN and others *v.* ALEXANDER McLEOD.

In the old action of Ejectment, the fiction of a "lease, entry and ouster," was adopted merely for the sake of saving the trouble and expense of making a lease and entry ; therefore, no lease can be set out in the declaration, which could not have been made at the time the action was commenced.

An action of Ejectment does not abate by the death of the lessor of the plaintiff, and there is no necessity to make the heirs of the lessor parties to the suit, except to make such heirs liable for costs, the supposed lease being in no way affected by the lessor's death.

(*Adderton* v. *Melchor.* 9 Ired. 349, cited and approved ; *Skipper* v. *Lennon,* Busb. 189, commented on.)

Civil action, Ejectment under the old practice, tried before

DOE ex dem. McLENNAN et al. v. McLEOD.

before *Buxton*, J., at Fall Term, 1873, of the Superior Court of MONTGOMERY county.

The action was commenced by serving a copy of the declaration on the defendant, 20th June, 1867.

Originally there was but one count, a single demise in the name of the present plaintiff, Margaret McLennan, the date of such demise being 1st January, 1866. After a decision of *Margaret McLennan* v. *R. C. Chisholm*, at January Term, 1872, of this Court, 66 N. C. 100, the plaintiff asked and obtained leave to add another count to the declaration, containing a joint demise, in the name of C. H. Rush and wife, and T. C. Halton and wife, heirs at law of the testator, Roderick Mc-Lennan. Margaret McLennan was his widow and devisee.

On the trial, it was discovered that Roderick McLennan, who claimed the land in controversy under a deed from one Farquhar Martin, had, through the omission of the word "heirs," in the deed, obtained only a life estate. The plaintiff thereupon suffered a *non suit*, which, however, was set aside upon the payment of all costs, and leave granted to amend the declaration by adding another count, containing a demise in the name of M. S. Martin, son and heir at law of Farquhar Martin, then dead. The proposed amendment was not made at the time, and the case was continued.

When the case was called at the succeeding term, the defendant insisted, that before going to the jury, the plaintiff, if he intended to take the benefit of the amendment, which he had obtained leave to make, at the last term, should do so at once, by actually inserting in the declaration, the count containing the demise in the name of M. S. Martin, so that it might distinctly and definitely appear upon the face of the declaration, what the Court and jury were to try.

On attempting to comply with this requirement, which the Court deemed reasonable, the plaintiff was met with the difficulty, viz: The suit was commenced in 1867, at which time Farquhar Martin was alive, he having died in November, 1871; so that, at the commencement of the suit, M. S. Martin, his

son and heir at law, had no interest in the land, and it would not do to lay a demise in the name of M. S. Martin. To obviate this difficulty, the following proceedings were adopted on behalf of the plaintiff, with the approval of the Court, notwithstanding objections made on the part of the defendant.

1. On motion of plaintiff, a count was added to the declaration, containing a demise in the name of Farquhar Martin.

2. The death of Farquhar was suggested on the record, by the plaintiff.

3. On motion of plaintiff, M. S. Martin, son and heir at law of Farquhar Martin, obtained leave of Court and came in and made himself party of record to prosecute the suit in place of his father.

The defendant objected on two grounds:

1. Because Farquhar Martin is now dead, and it is inadmissible to make a dead man a party to a suit.

2. Because the suit had abated so far as Farquhar Martin was concerned, by the length of time which had elapsed since his death.

His Honor, being of opinion that these proceedings were not incongruous or inconsistent with the fiction of the action, inasmuch as the declaration, as amended, spoke as of the Appearance Term; also being of opinion, that the action of ejectment did not abate by the death of a lessor, John Doe being the plaintiff of record; and being of opinion, that the amendment was consonant with justice and calculated to bring the case to trial upon its merits, overruled the objections of the defendants, but offered to grant a continuance, if the defendant was taken by surprise, or at a disadvantage by the amendments and proceedings referred to.

The defendant excepted to the ruling of the Court, and appealed to the Supreme Court.

*Battle & Son*, with whom was *McDonald*, for appellant, cited and relied on the decisions in relation to amendments

made in *Skipper* v. *Lennon,* Busb. 189, and in *Adderton* v. *Melchor,* 7 Ired. 849.

*Pemberton,* with whom was *Neill McKay,* contra, argued:

Two questions only seem to present themselves in this case.

1. Had his Honor below authority to make the order for amendment?

2. Was that authority properly exercised by him?

The Court, in which a suit is pending, has the exclusive discretionary power of permitting amendments in the process and pleadings, and no appeal lies from the exercise of such power. *Quiett,* admr. v. *Boon,* admr., 5 Ired.; 9 *McLure* v. *Barton,* 1 Law Rep. 472; *Davis* v. *Evans,* Ibid, 499; Rev. Code, chap. 3, sec. 1.

An action of ejectment does not abate by the death of the lessor of the plaintiff. *Thomas* v. *Kelly,* 13 Ired. 43; *Wilson Hall,* 13 Ired. 489.

Pearson, C. J. The interest, which used to attach to "the fictions" in the action of ejectment, has passed away since the adoption of the Code of Civil Procedure.

The fiction of a "lease entry and ouster" was adopted merely for the sake of saving the trouble and expense of making a lease and entry. It follows, as a logical conclusion, no lease can be set out in the declaration which could not have been made at the time the action was commenced. *Adderton* v. *Melchor,* 7 Ired. 249.

Tested by this principle, the exception of the defendant cannot be sustained. Farquhar Martin was living at the time the action was commenced, so he could *at that time* have made a lease, and his lessee could have entered. The objection to the amendment on the ground "that Farquhar Martin is now dead, and it is inadmissible to make a dead man a party to a suit, was based upon a misapprehension of the principle. The amendment did not make Farquhar Martin a party to the action, but merely *supposed* that he had made a lease at the time the action was commenced. He was then living and

could have made the lease, and the fiction is merely to save the trouble and expense of actually making the lease.

The second objection is also untenable. The action did not abate by the death of the lessor, and there was no necessity for making his heirs parties except to make them liable for the costs, for the lease supposed, was in no way affected by his death.

In *Skipper* v. *Lennon*, the rule was misapprehended, and the Court professing to act on the principle settled by *Adderton* v. *Melchor*, manifestly fall into error, by supposing *the time* to refer to the application for the amendment, instead of the date of the commencement of the action.

There is no error. This will be certified to the end that the case may be proceeded in with the amendment.

PER CURIAM.                           Judgment affirmed.