MARGARET McCLENNAN v. ALEXANDER McCLEOD.

After a defendant has entered a defence to an action of Ejectment, he cannot be permitted to allege, that others are also in possession with him, and have the title and the sole possession. If such defendant meant to disavow any possession in himself, he should not have entered any defence.

(*Thomas* v. *Orrell*, 5 Ired. 569; and *Judge* v. *Houston*, 13 Ired. 108, cited and approved.)

This was an action of *Ejectment* instituted prior to the adoption of the C. C. P., and tried before Buxton, J., at

Spring Term, 1876, of the Superior Court of Montgomery County.

The record is voluminous, the declaration containing many counts, and a great deal of evidence was introduced.

The facts necessary to an understanding of the case as decided are stated in the opinion of the Court.

There was a verdict and judgment in favor of the plaintiff and the defendant appealed.

*J. D. McIver, Merrimon, Fuller & Ashe,* for the appellant. *Neill McKay* and *Pemberton,* contra.

Bynum, J. All the other counts have been abandoned except the count upon the demise of Farquhar Martin, and by a former decision of this Court that demise has been held to be sufficient to maintain this action. 70 N. C. Rep., 364. The lessor was a purchaser at sheriff's sale under a *fi. fa.* against the defendant. The defendant was living on the land at the time of the sale and at the beginning of this action, and is still living on it. The defendant cannot defend, as he attempts to do, by setting up title in third persons. After entering a defence to the action, he cannot be permitted to allege that others are also in possession with him and have the title and the sole possession. If the person thus sued meant to disavow any possession in himself, he should not have entered any defence. *Doe ex. dem.; Thomas* v. *Orrell,* 5 Ired., 569; *Judge* v. *Houston,* 13 Ired., 108. These established principles are decisive of this case. The McDuffie tract of land only is in dispute in this action. As to that, it appears that when the lessor of the plaintiff purchased, the defendant was only one of several heirs who inherited the land upon the death of John McLeod, who was known as " Bahama John." If that is so, the lessor of the plaintiff, by the purchase of Alexander McLeod's interest, became a tenant in common with the other heirs. The

judgment in this action cannot affect their rights, as they are not parties. The writ of possession upon the judgment to which the lessor of the plaintiff is here entitled will be executed by him at his own peril.

The exceptions to the charge of his Honor are not tenable. There is no error.

PER CURIAM.                                    Judgment affirmed.