MARY A. GLENN et al v. C. S. WINSTEAD.

*Action to Recover Land—Internal Revenue—Illicit Distilling—Forfeiture—Mortgagee.*

1. A sale of the premises on which a distillery is located under a decree of the Circuit Court of the United States, in a proceeding *in rem* for a forfeiture incurred under the provisions of Section 3281, U. S. Rev. St., does not pass the title of a mortgagee without whose knowledge or connivance the illicit distillery was maintained.

2. The law does not impute to a mortgagee, without any proof whatever, a guilty participation in the fraud of a mortgagor and declare his interest in the mortgaged premises, upon which an illicit distillery has been maintained, forfeited because the Collector of Internal Revenue may have failed to secure his assent, as a holder of a lien, to the use of the premises for the purposes of a distillery as the Collector is required by law to do.

3. The mere erection of a house on land and its use as a distillery is not, as a matter of law, notice to a mortgagee that a distillery is being maintained thereon so as to render his interest liable to a forfeiture for violation, by the distiller, of the revenue laws.

This was a CIVIL ACTION to recover possession of a tract of land, tried before *Hoke, J.*, and a jury, at November Term, 1894, of the Superior Court of PERSON County. The ordinary issues in ejectment were submitted except damages for use and occupation were not passed upon in the action. Plaintiff claimed title and showed forth in evidence a deed to *femme* plaintiff from Green B. Raum, Commissioner of Internal Revenue, conveying the land in controversy, dated April 11th, 1883, duly registered. Also an order of the Treasury Department, certified from proper office for said Commissioner to make said deed. Plaintiff also showed in evidence a proceeding and decree of forfeiture, properly certified from the United States Court, October Term, 1881, condemning the land in controversy as forfeited to the United States. The proceeding was entitled as follows :

" United States vs. One lot of land (describing it) and distillery and fixtures (describing them) the property of W. H. Winstead."

To estop defendant, and to show property was forfeited by the decree, plaintiff then showed a deed from one Satterfield and wife to Bettie Winstead, wife of W. H. Winstead, the distiller and the defendant in the above decree, covering land in controversy, including same in a larger tract dated Sept. 12th, 1878 ; mortgage of W. H. Winstead, the distiller, and wife, to J. M. Winstead, conveying the larger tract, which includes the land in controversy, which was the still house lot, dated May 26th, 1879. This mortgage described the larger tract and said it contained a mill and other buildings and to secure the sum of two thousand dollars.

Deed from J. M. Winstead to defendant, conveying land after sale under said mortgage dated June 20th, 1882. It was admitted that defendant had been in possession of the property under this deed from the date until the present time.

There was evidence by plaintiff tending to show that the still house building was commenced on the still house lot in the Fall of 1878 and the Spring of 1879.

There was evidence of defendant tending to show that the still house was completed in the Summer of 1879, and distilling operations did not commence till late in the Summer of 1879.

The petition and proceedings of forfeiture alleged the distilling operations commenced not before 1880.

There was no evidence offered as to whether J. M. Winstead, mortgagee, had been served with personal notice of proceedings of forfeiture, except what was contained on face of decree and proceedings. And there was no evidence offered as to said mortgagee's having any notice of the distillery being upon the land except what might be inferred from the existence of the still house, the language on the face of the papers and the date of the papers, and the residence of J. M. Winstead, the mortgagee, in Guilford county.

Plaintiff contended that the proceedings and decree of forfeiture was a proceeding *in rem*, and conveyed to them the title to the property freed from all claims, and if the mortgagee had been injured he must seek his remedy in the United States Court and in the proceedings of forfeiture.

Defendant contended that the proceedings of forfeiture were void in that it did not appear that any notice thereof had ever been served on the defendant or mortgagee under whom he claimed. The Court explained the nature of the controversy and charged the jury :

" That the proceedings and decree of forfeiture passed to the Government the title of the distiller and of all persons, owners or mortgagees who had knowingly permitted a distillery to be operated when they had the right to control the matter. The decree would place in the Government the right and interest of the distiller and of the owner and mortgagee, provided they knew or had reason to believe at the time they took the mortgage there was a government distillery being operated thereon, or in contemplation, by the parties, or if a distillery was afterwards put there and operated with their consent, permission or connivance. That as to all such persons the law affected them with notice of irregularities by the distiller, and these were further called on to take notice of the conduct of said dealings of the Government towards the distiller, and as to such persons a general notice given in forfeiture proceedings would bind them, and their rights and interest would pass by the decree, and the deed of the Commissioner would convey such title to the plaintiffs, and if such were the facts—if defendants took the mortgage under such circumstances, or distillery was operated with their knowledge, consent or permission, then title passed to the Government, by the decree, and they should answer the 1st issue 'yes,' and the 2nd 'yes.'

"But if the mortgage antedated the distillery operations, and was taken without either notice or knowledge that a distillery was contemplated and was not put up and operated by the consent and permission or connivance of the mortgagee, such persons were not required to observe or take notice of the acts and dealings of the Government towards the distiller. Their right was superior to the decree of forfeiture and could not be passed without personal notice, and if the mortgage was taken and held under such circumstances and duly foreclosed, passing interest of

mortgagee to defendant, they should answer the 1st issue 'no,' and the 2nd 'no.'"

The Court then recited all the evidence pertinent to questions as to relative dates of mortgage and distillery and such suggestions as were made thereon by either party, alluding to the existence of the distillery house and its dimensions as a circumstance on the question of mortgagee having notice that a distillery was being contemplated, but did not make the existence of such building conclusive on the question of notice, even if the existence should be established. There was verdict for the defendant. Plaintiff moved for new trial for errors on part of Court;

1st. In not holding the decree and proceedings of forfeiture, a proceeding *in rem* and absolute conveyance of title to Government and plaintiff.

2nd. Because Court did not hold as a matter of law that if the building for a distillery was on the property at time of mortgage, the mortgagee was affected with notice of the existence and the purpose contemplated.

Motion for new trial overruled. Plaintiff excepted and appealed from the judgment on verdict for defendant.

*Messrs. Shepherd & Busbee* and *Merritt & Bryant*, for plaintiffs (appellants).

*Messrs. J. W. Graham, W. W. Kitchin* and *A. L. Brooks*, for defendant.

AVERY, J.: Whether a distiller incurs liability to forfeiture by failure to pay taxes to the government, by carrying on the business without bond or with intent to defraud the government, or by conducting a licensed business contrary to law or to the regulations prescribed by the government, it seems to be settled that in none of these instances does the sale of the premises, on which the distillery is

located, under a decree of a Circuit Court of the United States in a proceeding *in rem,* pass the title of a mortgagee under a mortgage previously made, who has not permitted or connived at the illicit distillery. *U. S.* v. *Scovell,* 133 U. S., 1; *Mansfield* v. *Excelsior Co.,* 135 U. S., 326. As a rule only the mortgagor's equity of redemption passes by such a sale under a judgment *in rem,* or by virtue of any decree rendered in a proceeding in which there were no parties other than the mortgagor. *Mansfield* v. *Excelsior Co., supra.* But the court instructed the jury in effect that the purchaser under the decree of the Circuit Court acquired the interest of the mortgagor and of all other claimants " who had knowingly permitted a distillery to be operated when they had the right to control the matter," and it seems to us that the instruction given is in strict accord with the rule laid down in *U. S.* v. *Stovell, supra,* pp. 14 & 15. After referring to the statutes, Justice GRAY, delivering the opinion of the Court, said : " Congress has thus clearly manifested its intention that the forfeiture of land and buildings shall not reach beyond the right, title and interest of the distiller or of such other persons as have consented to the carrying on of the business of a distiller upon the premises. The intention of Congress that no interest in land and business shall be forfeited, which does not belong to some one who has participated in or consented to the carrying on of the business of distilling therein, is further manifested in the provision of section 3262 of the Revised Statutes, which directs that no bond of a distiller shall be approved unless he is the owner in fee unincumbered by ary mortgage, judgment or other lien of the lot of land on which the distillery is located, or unless he files with the collector, in connection with his notice, the written consent of the owner of the fee or any mortgage or judgment creditor or other person having a lien thereon, duly

acknowledged, that the premises may be used for the purpose of distilling spirits subject to the provisions, and expressly stipulating that the lien of the United States for taxes and penalties shall have priority of such mortgage, judgment or other incumbrance, and that in case of the forfeiture of the distillery premises or any part thereof, the title of the same shall vest in the United States, discharged from such mortgage, judgment or other incumbrance."

The section clearly indicates that the interest of *an innocent mortgagee* or other person having a lien on the lot or tract of land on which the distillery is situated, would not otherwise be included in a forfeiture for acts of the owner only.

The Court in the same opinion subsequently construe section 3258 (making it a criminal offence to have "in possession any still, etc., set up") and section 3205 (in reference to sales of land for taxes) in connection with section 3281, to mean that the sale in either case passes to the purchaser only the right, title and interest of the offender. The law does not impute to a mortgagee, without any proof whatever, a guilty participation in the fraud of a mortgagor and declare his interest forfeited because the collector may have failed to secure the assent of all holders of liens, as he is required by law to do, before permitting the distiller to begin operations on the land. Where this precautionary requirement of the statute has not for any reason been complied with, and where at the same time there has been a connivance at or a less formal assent to the operations of the distiller on the part of the holder of the lien, it would seem to have been the purpose of Congress that the rights of the Government should be protected by the proceeding in equity, provided for in section 3208 of the Revised Statutes, whereby all persons, other than distillers, whose interests have been subjected by their conduct to

forfeiture, might be concluded by the decree of condemnation. Whatever may be the rule where proceedings *in rem* are instituted against a vessel, the proceeding applicable to seizures of land for violation of the Internal Revenue laws is embodied in the statutes, and the Supreme Court of the United States have declared the intent of Congress to have been as we have already stated. The question presented is one of construction only, and we have been anticipated, in passing upon it, by the Court that is the final arbiter in all controversies as to the meaning of the Acts of Congress.

If the authorities cited did not warrant us in holding that there was no error in the instructions given or the rulings made by the Court below. (as to the effect of the judgment *in rem*) of which plaintiff can justly complain, we might add that, upon reasoning which by analogy supports that view of the law, it has been repeatedly held that sales of land, under the Acts providing for the confiscation of property for participation in the Rebellion, passed only the right, title and interest of the offender for his life and not that acquired by any person under a mortgage ·executed "previously to his offence." *U. S.* v. *Dunnington*, 146 U. S., 346 ; *Shields* v. *Sciff*, 124 U. S., 351; *Aveyno* v. *Scharnedt*, 113 U. S., 293. Conceding that the second assignment of error was taken in apt time, we cannot conceive how it can affect this controversy. According to the testimony offered for the plaintiff, the building for the distillery "was commenced on the still-house lot in the fall of 1878 and the Spring of 1879." The defendant offered testimony tending to show that it was completed in the Summer of 1879 and no distilling was done until late in the Summer of 1879. While it was declared in *U. S.* v. *Stovell, supra,* that the Government was not embarrassed by any rule requiring Revenue

GLENN *v.* WINSTEAD.

Laws imposing forfeitures to be construed like other penal statutes, it was not intended to go to the other extreme and construe them, in the face of the express provisions referred to in that case, to mean that the mere erection of a house upon a tract of land or its use for the purpose of distilling should be constructive notice to the owner or to any subsequent purchaser of the superior right of the United States to insist upon its forfeiture and condemnation by a proceeding *in rem*, without actual notice to the owner. There is no principle upon which we would be prepared to admit that the connivance or guilty participation of an owner or mortgagee in a fraud upon the Government, should be inferred from any testimony that constituted sufficient notice to a subsequent purchaser of an equitable claim. But the Supreme Court of the United States, in the case last cited, manifestly meant to construe the statutes as bringing under the same condemnation as the distiller only those holders of liens who have actual notice of the commission of the offence, and refrain from suppressing the illicit conduct, when they have the power to do so.

For the reasons given we hold that the judgment of the Court below must be affirmed.

Affirmed.