JOHN W. STEWART et al. v. F. T. LOWDERMILK and wife.

(Filed 6 May, 1908).

**Adverse Possession—Color of Title—Mortgage—Deeds and Conveyances—Ripening Title—Verbal Sale—Evidence.**

Defendants, claiming lands under seven years' color of title, showed a mortgage from H. to B. in 1894, and conveyance from B. to them in 1900. The action of plaintiffs was begun against them in 1905. There was testimony that defendants' possession commenced in 1900 and that it was taken over from C., who had it in 1898 as lessee of B. C. immediately succeeded R., who had been in possession two or three years under verbal bargain and sale from B.: *Held,* (1) that the mortgage from H. to B. was "color," and the deed from B. to defendants tended to ripen title of the latter by virtue of seven years' possession under known and visible boundaries; (2) that the possession of R. under the verbal bargain and sale from B., from whom defendants claimed, was evidence of "color," inuring to the benefit of defendants as tending to show title in B.

ACTION tried before *Ferguson, J.,* and a jury, at October Term, 1907, of MECKLENBURG.

Plaintiffs appealed. The facts are stated in the opinion.

*Lawrence Wakefield* and *W. C. Newland* for plaintiffs.

*Jones & Whisnant* for defendants.

CLARK, C. J.   The defendants claim under color of title and seven years' possession.   They showed a mortgage from one Hayes to J. M. Bean, 20 January, 1894, and a conveyance from Bean to defendants, 25 August, 1900.   This action began 6 September, 1905.   The defendants' witnesses testified that the defendants had been in possession since some time in 1900; that they took over possession from Jesse Coffey, who had gone into possession late in the fall of 1898 as lessee of Bean, and that Coffey immediately succeeded Robbins, who had been in possession two or three years under a verbal bargain and sale from Bean.

The plaintiffs contend:

1. That a mortgage is not color of title.   But in this State it conveys the legal title, and the mortgagee in possession necessarily has color of title at least.

2. The plaintiffs further contend that the defendants cannot show seven years' possession under color of title, since Robbins' possession was under a mere verbal bargain and sale from Bean.   That would be true if the defendants were claiming under Robbins; but they are claiming under Bean, and the possession of Robbins was under Bean as a tenant at will.

His Honor charged the jury that "they would consider the mortgage from Hayes to Bean as color of title; also deed of Bean to defendant as tending to ripen defendants' title by virtue of seven years' possession under known and visible lines and boundaries."   He also charged the jury: "You will consider the evidence tending to show the possession of Robbins as being that of Bean and inuring to the benefit of the defendants for the purpose of ripening their title by virtue of seven years' possession under known and visible lines and boundaries."

The plaintiffs excepted to each of these instructions, but there was

No Error.