The action was brought for the recovery of land. (235) The plaintiffs claimed title under Isaac Spicer, by a deed from his widow and heirs at law, dated 15 December 1890, and mesne conveyances to them, he having died after the year 1875. Defendants claimed from Isaac Spicer under a mortgage made by him to John C. Millis 15 February 1875, and duly probated and registered 4 April 1881, and mesne conveyances to them. There was evidence that John C. Millis took possession of the premises after default in payment of the debt, and he and those claiming under him remained in possession for some years; and also evidence that defendants entered into possession under the deed from the widow and heirs, and held the possession for several years. We deem it unnecessary to recite the evidence in the view we take of the case. It is familiar learning that, at least, after default of the mortgagor in paying the debt secured by the mortgage, the mortgagee is entitled to the possession and is accountable to the mortgagor for rents and profits; and, nothing else appearing, the mortgagee, or his assignee, who has the same right, is entitled to recover upon the mere strength of the legal title so held by him. Wittkowski v. Watkins, 84 N.C. 457.
The doctrine is thus stated in 27 Cyc. 1234: "By the strict doctrine of the common law, a mortgage is entitled to the immediate possession of the mortgaged premises, in the character of the legal owner, and therefore, unless his right in this respect is waived or controlled by stipulation in the mortgage, he may, even before breach of condition, maintain ejectment and oust the mortgagor. But according to the modern equitable doctrine, which regards the mortgage as nothing more than a lien or security, the mortgagor is entitled to remain in the possession and enjoyment of the estate at least until breach of condition, even without the clause now commonly inserted in mortgages securing this right to him."
We have adopted the common-law rule, that a mortgage carries the legal title to the mortgagee, which he holds in trust for the security of his debt. A mortgage of land is not a mere pledge or chattel security. It was said in Williams v. Teachey, 85 N.C. 404: "In many of the States the strict legal relations of the parties resulting from the making of a mortgage have been changed, `for the most part by statute,' remarks a recent author, `so that a mortgage is regarded as a mere pledge, and the rights and remedies under it are wholly equitable, so that a second system has grown out of the first.' 1 Jones Mortg., sec. 17. It is held that the mortgage though conveying land, passes but a chattel interest incidental to and partaking of the nature of the debt intended to be protected, and hence upon the death of the mortgagee it may be assigned by his personal representative.Ib., 796. Such is not the law *Page 252 
in this State, and the distinction is maintained between the legal (236) estate in the mortgagee and the equitable estate in the mortgagor, created by the execution of the mortgage deed, while the latter is subject to dower and to sale under execution," citingHemphill v. Ross, 66 N.C. 477; Ellis v. Hussey, ib., 501; Isler v.Koonce, 81 N.C. 378. See, also, Dameron v. Eskridge, 104 N.C. at p. 625. As the mortgagee of land has the legal title, he is entitled to the possession. Parker v. Banks, 79 N.C. 480.
It follows that, in this case, the defendants were entitled to recover, unless the plaintiffs could show that in some way they had acquired the title and right to the possession. The burden of establishing their right to a recovery was upon them, as plaintiffs, at the outset, and when the facts as to the conveyances appeared, or were admitted, as here, it of course remained with them. They contend that they have acquired the title as against the mortgagee and his assignees, the defendants, by the lapse of time, but if that can be set up in this action (it not being an action to redeem), under Revisal, sec. 390, subsecs. 3 and 4, it does not appear whether or not the debt was paid, or if paid, at what time; and besides, the mortgagee or his assigns were in possession. But they further contend that about 1890 they acquired at least color of title by the deed from the widow to her assignor, James Cowan, and from him by mesne conveyances executed in 1893 and 1894 to herself. She testified that her former husband, James Cowan, and herself were in possession of the property, the lot being 200 feet wide, from 1891 until she sold a part of it to Mr. B.R. King, 132 1/2 feet of the lot at the corner, and she then kept the remainder, or 67 1/2 feet at the western end herself, and continued in possession of it, except that C. E. Goodwin, in 1894, entered upon it, as she was told, and built a house or houses there. That she was absent from Wilmington, where the lot is situated, for two or three years about the time that Goodwin built the house upon it, and upon her return she discovered that Goodwin had built houses there and rented them, and afterwards in 1907 and 1908 she commenced this suit.
The court charged that if the plaintiff had continued in adverse possession of the land for seven years from the date of the deed, which she claimed to be color of title, she would be entitled to recover, and they would answer in her favor, that she is the owner of the land described in the complaint and entitled to the possession thereof, it being admitted that the title to the land is out of the State. This instruction was in plaintiff's favor, and all, and perhaps more, than she had any right to expect from the court, and the jury found against her. The assignments of error cannot be sustained. *Page 253 
First assignment: The testimony of Lucy Faires, which was (237) excluded, was not material in the view we take of the case; and if it was, it could not have changed the result.
Second assignment: We have not regarded the alleged possession of J.C. Millis, the mortgagee, as material, but have considered him as holding the legal title in trust for the plaintiffs, who are the assignees of the equity of redemption (Dickerson v. Simmons, 141 N.C. 325), and the trust as still open. But notwithstanding this contention, which we have favored, the mortgagee had the legal title, though in trust, and was entitled to the possession, and was constructively in possession, if there was no actual possession by any one (Cahoon v. Simmons, 29 N.C. 189; Drake v. Howell,133 N.C. 163, 165, 166), and the legal title and constructive possession is sufficient for a recovery in ejectment against one who enters not having a better title. We will presently refer more fully to this principle as applied to the trust relation of mortgagee and mortgagor.
Third assignment: As we have already said, the mortgagee has been regarded as holding in trust for the mortgagor, but that does not alter his right to the possession of the land, as against the mortgagor, unless the latter has, by some special circumstance, shown his superior right to the same, which has not been done here.
Fourth assignment: This was a correct instruction, for, as we have intimated, it only states that, nothing else appearing, plaintiffs hold the equity of redemption by conveyance from the mortgagor and mesne conveyances to her, and defendants hold the legal title of the mortgage by deed from him and mesne conveyances to them, the latter have the better title and right to the possession, unless the plaintiffs have in some way shown a better title, which she has not done. The jury have even decided that she had no sufficient adverse possession, if any at all; and we are of the opinion that, upon her own showing, she did not have such adverse possession for the length of time required to ripen her title, even if she had color of title.
The fifth, sixth, seventh, eighth, and ninth assignments of error are fully covered by what we have already said. The jury have found correctly, as we are of the opinion that plaintiff's possession was not adverse underParker v. Banks, supra; and if not adverse, what the judge said about the necessity of defendants having adverse possession to restore the title to themselves was immaterial as they need not acquire what they had not lost. The plaintiffs being assignees of the mortgagor, their possession could not be considered as adverse to the defendants, who were assignees of the mortgagee. Plaintiffs have, in this case, claimed that the possession of the mortgagee, or his assignees, *Page 254 
(238) could not be adverse to her as they held in trust for her, and formerly for her assignors. And the converse, therefore, is equally true, that the mortgagor in possession holds under the mortgagee and not against him, unless some break in the trust relation, as, for instance, a hostile possession or repudiation of the trust is previously shown. Mere possession is not sufficient for this purpose.
The Court said in Parker v. Banks, 79 N.C. at p. 483: "The mortgagor in possession sold and conveyed to his tenant, also in possession, the mortgage having been duly registered prior to the sale by the mortgagor. It is insisted that the purchaser having continued in possession for seven years after his purchase before the beginning of this action is protected by the statute of limitations against this action by the assignee of the mortgagee. It is well settled that the mortgagor is the tenant of the mortgagee, and therefore that his possession is not hostile or adverse to the mortgagee; nor can the mortgagor make any lease or contract respecting the mortgaged premises effectual to bind the mortgagee or prejudicial to his title; neither can the assignee of the mortgagor hold possession adverse to the mortgagee unless the assignee has taken a conveyance without notice. But where a bona fide purchaser from the mortgagor entered without notice of the mortgage (which was not registered till after the commencement of the ejectment suit), and he and those claiming under him had been in the continual possession of the premises claiming under color of title for more than the time limited by statute, it was held in this State sufficient to bar the mortgagee or any claiming under him. Baker v.Evans, 4 N.C. 417. And such is the general doctrine. Perkins v. Pitts,11 Mass. 125; Newman v. Chapman, 2 Rand. (Va.), 93; Angel on Limitations, 554; Wellborn v. Finley, 52 N.C. 228. Apply these principles to our case: It was virtually decided Fleming v. Burgin,37 N.C. 584, that a registered mortgage is notice to a subsequent purchaser from the mortgagor. This decision has been approved and affirmed in Leggett v. Bullock, 44 N.C. 283, and in McLennan v. McLeod,70 N.C. 364, and such being the obvious policy and purpose of our registration laws, as well as the convenience and good sense of the thing, it may now be considered as settled in this State, that the purchaser from the mortgagor, or the mortgagee, after a mortgage duly registered, is a purchaser with notice. Adams Eq., 152; 2 Kent 172. The intestate of the defendant, then, purchased with notice of the mortgage and took only such title as the mortgagor had, and subject to all the stipulations contained in the mortgage deed. He simply took the place of the mortgagor and as the mortgagor cannot claim adversely to the mortgagee, neither can his assignee with notice. The right of the purchaser can in no case go beyond his own title, and whatever appears in the registered *Page 255 
mortgage is as much an integral part of his title as if it had been (239) inserted in his deed from the mortgagor. Such notice therefore is of the most conclusive nature and is unsusceptible of being rebutted or explained away. 2 White Tudor Eq. Cases, 21 LeNeve LeNeve, and notes."
So far, Justice Bynum, has shown what the relation of mortgagor and mortgagee is, and how it is affected by either of them having possession of the land. He then practically applies the principle in these words: "The defendant acquired by the purchase only that which the mortgagor could rightfully convey, to wit, the equity of redemption in the land; and nothing short of the payment and discharge of the mortgage debt will change his relations with the mortgagee. Adams Eq., 110. It follows that the deed from Pool to Banks, a purchaser with notice, conveyed the equity of redemption only, and that such title is not that colorable title, a possession under which for seven years will bar the martgagee's [mortgagee's] right of action. The only limitation upon the mortgagee's right of action in this case is contained in C.C.P., sec. 31 (3), which prescribes that where the mortgagor has been in possession, the action for foreclosure or sale shall be brought by the mortgagee within ten years after forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the debt. Such time has not elapsed in this case.
"Take another view of this action: Even assuming that Pool's deed to Banks was a colorable title, it has been long settled that the possession under it, to bar an action under the statute, must be an adverse possession. The constructive possession was in the mortgagee, and that continued until an adverse possession commenced, and that adverse possession must have continued seven years before the right of possession of the first grantee could be lost. Slade v. Smith, 2 N.C. 248. But the law never presumes a wrong; hence he who alleges an adverse possession against the better title must show it as well as allege it."
It would seem that this statement of the law answers conclusively the plaintiffs' objections. The charge of the judge, instead of being adverse to the plaintiff, went to the extreme verge of the law, if not beyond, in their favor, and they have no ground of complaint. This is not an action to redeem from the mortgagee, but a straight action of ejectment, with no equitable element pleaded. The statute of limitations is not, therefore, really involved (Cone v. Hyatt, 132 N.C. 810); and if it were, there has been no evidence to show that it applies beneficially to the plaintiffs. There is no proof here of actual payment of the indebtedness secured by the mortgage, and the fact is, so far as appears, that the trust relation is still open, and, therefore, Parker v. Banks, supra, applies. *Page 256 
(240) The case has been tried on its merits, with proper instructions to the jury, so far as the plaintiffs are concerned, and their exceptions therefore were not well taken, and must be overruled.
No error.
Cited: Bank v. Wysong Miles Co., 177 N.C. 292; Stevens v. Turlington,186 N.C. 194, 195; Crews v. Crews, 192 N.C. 682; Bank v. Lumber Co.,193 N.C. 760; Montague v. Thorpe, 196 N.C. 164; Alexander v. Bank,201 N.C. 452; Bank v. Jones, 211 N.C. 318, 319; Mills v. Building LoanAssociation, 216 N.C. 667, 668; Ownbey v. Parkway Properties Co.,222 N.C. 56; Cleve v. Adams, 222 N.C. 214; Anderson v. Moore, 233 N.C. 301.