S. F. CREWS ET AL. v. T. W. CREWS ET AL.

(Filed 8 December, 1926.)

**1. Mortgages—Title—Possession—Accounting—Rents and Profits.**

A mortgage of lands conveys to the mortgagee the legal title subject to the mortgagor's equity of redemption, giving the former the right of entry at any time, either ·before or after the time of payment due, requiring of him an accounting for the rents and profits for the duration of such possession, unless the writing itself is expressed to the contrary, and a provision in the instrument giving the mortgagee the right of immediate possession adds nothing to its character as a mortgage.

**2. Same—Mortgagee in Possession—Accounting—Statute of Limitations.**

Where, in accordance with the agreement expressed in the instrument, the mortgagee enters at once into possession of the lands, the mortgagor's right for an accounting arises when the bond the instrument secures has matured and remains unpaid; and his right of action and that of those claiming under him accrues then, and the mortgagor's right of action is barred by a continued peaceful possession by the mortgagee for ten years therefrom. C. S., 437(4). C. S., 432, does not apply.

**3. Same—Adverse Possession.**

It is not required that the possession of the mortgagee be adverse in order to bar the mortgagor's action in ten years, under the provisions of C. S., 437(4).

**4. Tenants in Common—Mortgages—Ouster—Limitation of Actions.**

Where a mortgage is made to a tenant in common by the other tenants therein, it is an ouster that puts them to their action and commences the running of the Statute of Limitations, either under seven years color, C. S., 428, or under twenty years otherwise. C. S., 430.

**5. Issues—Evidence—Tenants in Common—Mortgages—Ouster—Limitation of Actions.**

Where the plaintiffs seek to be let into the possession of lands as tenants in common, and it appears without conflicting evidence that the defendants have been in peaceful possession of lands under a mortgage from their ancestor for more than thirty years after ouster, no issue of fact is raised for the determination of the jury.

APPEAL by defendants from judgment of *Webb, J.,* at June Term, 1926 of ROCKINGHAM. Error.

Plaintiffs pray judgment in this action that they be declared tenants in common with defendants of the land described in the complaint, and that they be let into possession by defendants, who are now in possession of the land; that certain of plaintiffs be permitted to redeem said land from a mortgage executed by those under whom they claim in part to the father of defendants, now dead, by paying the amount due on the bond secured by said mortgage; and that they recover of defendants, heirs at law of the mortgagee, rents and profits which they have received from said land.

Defendants deny that plaintiffs have any right, title or interest in or to said land; they plead the Statutes of Limitations, C. S., 430, 437(4), in bar of the action of plaintiffs, either for redemption or for recovery of any interest in said land.

The issues, answered by the jury, were as follows:

"1. Are the plaintiffs and defendants the owners in fee as tenants in common of the land described in the complaint? Answer: Yes.

2. Is the plaintiff's cause of action barred by the Statute of Limitations, as alleged in the answer? Answer: No.

3. Did the plaintiffs on or about 25 April, 1924, tender the money ($124.43) in cash to T. W. Crews, administrator of George E. Crews' estate, in payment of the note and mortgage referred to in the complaint, as alleged therein? Answer: Yes.

4. What amount, if any, are the plaintiffs entitled to recover of the defendants, for rents and profits? Answer: $195.00.

From judgment upon the verdict defendants appealed to the Supreme Court.

*J. M. Sharp and W. R. Dalton for plaintiffs.*

*P. W. Glidewell, J. L. Roberts and Humphreys & Gwyn for defendants.*

CONNOR, J. In 1858, Nathaniel Vernon conveyed the land described in the complaint to three brothers, John Crews, Joseph Crews and William Crews. They entered and remained in possession of said land, as tenants in common, until April, 1885. On 23 April, 1885, John Crews and Joseph Crews, by deed conveyed the land to their brother, George E. Crews. This deed contains the following clause:

"Provided, nevertheless, that said John S. Crews and Joseph Crews, of first part, their heirs, executors and administrators shall well and truly pay or cause to be paid to the said George E. Crews, party of the second part, his heirs, executors, administrators and assigns, the sum of thirty dollars and twenty cents, according to the condition of a certain bond payable on 25 December, 1885, bearing date herewith, then this deed to be null and void; otherwise to remain in full force and effect. But if default shall be made in the payment of said sum of money or the interest or any part thereof at the time hereinbefore specified for the payment thereof the said parties of the first part do agree that the said party of the second part shall quietly remain on said premises and possess all legal power over the same till said debt is fully settled, the second party to have usual notice of renters when he has to leave said premises."

George E. Crews went into the actual possession of said land on 23 April, 1885, and remained continuously in such possession until his

death in 1922. Defendants, as his heirs at law, continued and are now in possession of said land. The bond referred to in said deed from John Crews and Joseph Crews to George E. Crews and payable to George E. Crews was not paid at its maturity on 25 December, 1885; no sum has since been paid on said bond. It is now in the possession of the defendant administrator of George E. Crews. Summons in this action was issued on 31 May, 1924.

John Crews, Joseph Crews and William Crews, grantees in the deed from Nathaniel Vernon, dated 1858, are dead. Certain of plaintiffs are heirs at law of John Crews and of Joseph Crews. William Crews died in 1891. He left no lineal descendants; his brothers and sister were his heirs at law. They are all dead. Plaintiffs and defendants, children of such deceased brothers and sister, are now the representatives of their deceased parents.

Plaintiffs, who are heirs at law of John Crews and of Joseph Crews, contend that they have the right now to redeem the two-thirds undivided interest in said land, which was conveyed by the mortgage deed of John Crews and Joseph Crews to George E. Crews, and that they are the owners of said two-thirds undivided interest, subject to said mortgage deed. Plaintiffs further contend that as representatives of all the heirs at law of William Crews, except George E. Crews, father of defendants, they are tenants in common of an undivided one-third interest in said land with defendants, who are the representatives of said George E. Crews. They demand that they be let in possession with defendants, according to their respective interests in the land, as set out in the complaint.

Defendants contend that plaintiffs are not entitled to recover in this action, first, for that the action to redeem is barred by the Statute of Limitations, C. S., 437(4); second, for that the action by plaintiffs to recover possession as tenants in common, claiming under William Crews is also barred by the Statute of Limitations, C. S., 430. Defendants contend that by virtue of said statute they are the owners of the one-third undivided interest in said land formerly owned by William Crews, as well as of the two-thirds undivided interest therein conveyed by John Crews and Joseph Crews to their father, George E. Crews, by the deed dated 23 April, 1885.

The court was of opinion that although the deed from John Crews and Joseph Crews to George E. Crews, dated 23 April, 1885, was a mortgage, the action of plaintiffs, heirs of the mortgagors, to redeem the land from the mortgage, was not barred by the Statute of Limitations, because of the stipulation in the defeasance clause with respect to the mortgagee's possession. Defendants excepted to an instruction to the jury in accordance with this opinion, and assign same as error. This assignment of error must be sustained.

The stipulation in the clause of defeasance, contained in the mortgage deed, with respect to the mortgagee's possession of the land, conferred upon him no rights which he did not have by virtue of his title to the land as mortgagee. He had the right, certainly with the consent of the mortgagors, to enter into possession of the land prior to default in the payment of the bond secured by the mortgage. He had the right to remain in possession after such default. The effect of the stipulation was merely to recognize this right, and at most to give the consent of the mortgagors to its exercise by the mortgagee. It gave him no other or further right which he thereafter enjoyed than the law gave him by virtue of his legal title to the land as mortgagee. It is true, that, by virtue of the stipulation, if the debt had been paid, he would have been entitled to notice from the mortgagors as provided therein before he was required to surrender possession. But the debt was not paid, and upon the admissions in the pleadings and upon all the evidence, he went into and remained in possession as mortgagee. Notwithstanding the terms of the stipulation, the mortgagee in possession was accountable to the mortgagors for rents and profits which he received while in possession, both before and after default. The right of action, for an accounting and for redemption accrued to the mortgagors on the date of the maturity of the bond secured in the mortgage, to wit, 25 December, 1885; it continued thereafter for ten years, during which time the mortgagee was in actual possession of the land. From said date to the date on which this action was begun, to wit, 31 May, 1924—more than thirty-eight years—the mortgagee and defendants, who claim under him, were in the actual possession of the land. No demand for an accounting was made, nor was any action for redemption begun by either. Joseph Crews, who died on 30 September, 1894, or John Crews, who died on 26 November, 1905. Their brother, George E. Crews, to whom they had conveyed the land by the mortgage deed on 23 April, 1885, died on 16 October, 1922. No offer to pay the bond secured by the mortgage deed and thus redeem the land was made by plaintiffs as heirs at law of John Crews and of Joseph Crews until 24 April, 1924. Upon the facts, the action of plaintiffs, heirs at law of John Crews and of Joseph Crews is barred by C. S., 437(4). Defendants, claiming under George E. Crews, are now the owners of the two-thirds undivided interest in said land, conveyed by John Crews and Joseph Crews to George E. Crews by the mortgage deed dated 23 April, 1885.

In *Weathersbee v. Goodwin*, 175 N. C., 234, *Walker, J.*, says that it is familiar learning that at least after default of the mortgagor in paying the debt secured by the mortgage, the mortgagee is entitled to the possession and is accountable to the mortgagor for rents and profits.

The doctrine as stated in 27 Cyc., 1234 (see 41 C. J., 608) is therein approved. "By the strict doctrine of the common law, a mortgagee is entitled to the immediate possession of the mortgaged premises, in the character of the legal owner, and therefore unless his right in this respect is waived or controlled by stipulation in the mortgage, he may even before breach of condition take possession and oust the mortgagor." The common-law rule, that a mortgage carries the legal title to the mortgagee which he holds in trust for the security of his .debt, has not been changed by statute, or abrogated by decisions of the courts in this State. It has been adopted and enforced, as will appear by reference to many of our decisions. See *Trust Co. v. White,* 189 N. C., 281; *Stevens v. Turlington,* 186 N. C., 191; *Bank v. Sauls,* 183 N. C., 167; *Lowdermilk v. Butler,* 182 N. C., 510; *Pridgen v. Long,* 177 N. C., 189; *Jones v. Williams,* 155 N. C., 179; *Dameron v. Eskridge,* 104 N. C., 621; *Williams v. Teachey,* 85 N. C., 402.

While the legal title to the property conveyed by the mortgage vests, by virtue of the conveyance, in the mortgagee, who is thereby entitled to possession, either before or after breach of condition, in the absence of stipulations in the mortgage to the contrary, possession presumed by virtue of C. S., 432, is not sufficient to meet the requirements of C. S., 437(4), for although more than ten years have passed since the cause of action accrued, an action for redemption, under C. S., 437(4), is not barred, unless the mortgagee has during said time been in the actual possession of the land conveyed by the mortgage. It has been expressly held that such possession must be actual, that constructive possession, or possession presumed by virtue of the statute is not sufficient. *McNair v. Boyd,* 163 N. C., 478; *Cauley v. Sutton,* 150 N. C., 330; *Simmons v. Ballard,* 102 N. C., 105. Where the mortgagee is in the actual possession of the land conveyed to him by the mortgage deed, when the cause of action for redemption accrues or where he thereafter goes into and remains continuously in such possession for more than ten years, before an action to redeem is commenced, the statute of limitations, where pleaded and relied upon in the answer, is a complete defense. *Bernhardt v. Hagamon,* 144 N. C., 526. This principle is applicable upon the facts of the instant case. We must therefore hold that it was error for the court to instruct the jury that if they believed all the evidence, they should answer the second issue, "No."

The principle stated in *Rouse v. Rouse,* 167 N. C., 208, and in other cases cited and relied upon by plaintiffs in their brief, to wit, that the statute of limitations will never commence to run in favor of the trustee of an express trust against the beneficiary thereof before the duties of the trust have been fully performed, and the trust has terminated—is not applicable in this case. By the express terms of the statute, C. S.,

437(4), an action by a mortgagor for the redemption of the mortgage, where the mortgagee has been in possession is barred unless said action is commenced within ten years after the cause of action accrues. The possession required· by the statute is not adverse, but it must be actual, and not merely constructive. The mortgagee enters into possession by virtue of the mortgage and holds under his mortgagor, for the security of his debt. *Weathersbee v. Goodwin,* 175 N. C., 234. Upon the maturity of the debt, the mortgagor has the right to redeem, by paying the debt. This is his legal right of redemption, and may be enforced by a civil action. After the maturity of the debt, if he makes default in payment, he may still redeem by paying the debt. This is his equity of redemption and may be enforced, prior to foreclosure, by a civil action. *Stevens v. Turlington,* 186 N. C., 191. The action, however, to enforce his equity of redemption is barred after the lapse of ten years, from the date on which his cause of action accrued, where the mortgagee has been in the actual possession of the land. In the instant case, the cause of action for redemption of the mortgage accrued on 25 December, 1885; the debt secured was not paid at maturity; the mortgagee was then in the actual possession of the land; he and defendants, who claim under him, remained in such possession until this action was commenced on 31 May, 1924. The debt has not been paid. Plaintiffs are not entitled to recover of defendants the undivided two-thirds interest in the land which John Crews and Joseph Crews conveyed to George E. Crews by their mortgage deed dated 23 April, 1885.

When George E. Crews entered into possession of the land under the mortgage deed executed by John Crews and Joseph Crews, in April, 1885, William Crews owned as tenant in common with John Crews and Joseph Crews an undivided one-third interest in the land. William Crews died intestate. In the absence of evidence that he had conveyed, or had been divested of such interest prior thereto, it descended at his death to his heirs at law, as tenants in common, all of whom are now dead. There is no evidence that either of these heirs at law had conveyed or been divested of his interest in said land, or had devised the same by a last will and testament. Upon the admission in the pleadings and upon all the evidence, plaintiffs and defendants are the representatives of said heirs at law. They therefore own said undivided one-third interest in said land, as tenants in common, unless defendants and George E. Crews, under whom they claim, have possessed said land, under known and visible lines and boundaries adversely to all other persons for twenty years, or under color of title, for seven years, prior to the commencement of this action; such possession, so held, for such duration of time, will give to defendants a title in fee to said land, against plaintiffs, and all other persons not under disability. No action

to recover said land, or any interest therein can be maintained by plaintiffs, if defendants have thus acquired title in fee to said land. C. S., 428 and 430.

Upon all the evidence defendants and George E. Crews have been in possession of said land for more than twenty years under known and visible lines and boundaries; George E. Crews, from 1885 to his death in 1922 was in the continuous, uninterrupted possession of said land; defendants, his heirs at law have continued such possession since his death to the commencement of this action. During all these years, neither William Crews, so long as he lived, nor any one claiming under him, after his death, made any claim or demand upon George E. Crews or the defendants for said land or for any interest therein. In April, 1924, plaintiffs caused notice to be served on defendants that they then desired to pay the bond due 25 December, 1885, and thus redeem said mortgage.

John Crews and Joseph Crews owned, each, an undivided one-third interest in the land, at the time they executed the mortgage deed to George E. Crews, to wit, on 23 April, 1885. The said mortgage deed on its face conveyed the entire tract of land to George E. Crews, who at once entered into possession thereof under said deed.

It was held by this Court in *Gill v. Porter*, 176 N. C., 451, that where the grantee of a tenant in common of the entire tract of land, enters into possession of the whole thereof, the Statute of Limitations begins to run against all of the tenants in common or their grantees from that time, and that the position that such grantee acquired only the undivided interest of his grantor in the land is untenable, being contrary to the express terms of the conveyance and to the character of the possession thereunder. The fact that the land was conveyed in this case by a mortgage deed does not affect the application of this principle, for the legal title passed to and vested in the mortgagee by the conveyance, subject only to the right of redemption, legal and equitable, in the mortgagors. *Stevens v. Turlington, supra; Stewart v. Lowdermilk,* 147 N. C., 584; *Edwards v. Tipton,* 85 N. C., 480.

This Court has held that a deed by one tenant in common, conveying to his grantee the entire estate in the land, is not color of title as against his cotenants, so that possession under such a deed by the grantee, and those who claim under him, for seven years, does not bar an action by cotenants to be let into possession of the land, according to their respective interests. *Lumber Co. v. Cedar Works,* 165 N. C., 83, and cases cited. "In such cases, twenty years of adverse possession, under a claim of sole ownership, is required to bar the entry of the other tenants, under the presumption of an ouster from the beginning raised thereby."

*Lumber Co. v. Cedar Works,* 168 N. C., 344. The principle supported by authoritative decisions of this Court is as follows:

Where the grantee of a tenant in common, who enters into possession under a deed conveying to him the entire tract of land and those who claim under such grantee, have been in the exclusive, quiet, and peaceable possession of the whole of said land, for twenty years or more, the law presumes that there was an actual ouster, not at the end of the period, but at the beginning, and that the subsequent possession was adverse to the cotenant who was out of possession. *Bradford v. Bank,* 182 N. C., 225; *Alexander v. Cedar Works,* 177 N. C., 137; *Lester v. Harward,* 173 N. C., 83; *Cooley v. Lee,* 170 N. C., 18; *Lumber Co. v. Cedar Works,* 168 N. C., 344; *Lumber Co. v. Cedar Works,* 165 N. C., 83; *McKeel v. Holloman,* 163 N. C., 133; *Dobbins v. Dobbins,* 141 N. C., 210; *Bullin v. Hancock,* 138 N. C., 198; *Breeden v. McLaurin,* 98 N. C., 307; *Hicks v. Bullock,* 96 N. C., 164; *Black v. Lindsay,* 44 N. C., 467; *Cloud v. Webb,* 15 N. C., 290, *S. c.,* 14 N. C., 315. See *Power Co. v. Taylor,* 191 N. C., 329.

In *Lester v. Harward, supra,* it is said that under our decisions exclusive possession for twenty years by one tenant and those who claim under him, raises a presumption of an ouster, and unexplained will bar an action by the other tenants. This principle is applicable to the instant case.

All the evidence offered by the plaintiffs is to the effect that George E. Crews entered into possession of the entire tract of land in April, 1885, under the mortgage deed executed by two of the three tenants in common, conveying to him the entire tract of land; that he remained in possession until the maturity of the bond secured by the mortgage, on 25 December, 1885, and thereafter continued in the exclusive quiet and. peaceable possession of the whole thereof until his death in 1922; that defendants, as his heirs at law continued in such possession until the commencement of this action. No explanation of such possession appears from the evidence, requiring that issues be submitted to the jury in this case.

Defendants' motion at the close of plaintiffs' evidence for judgment dismissing the action as of nonsuit, should have been allowed. The assignment of error based on the exception to the refusal of such motion must be sustained. The judgment is reversed, and the verdict set aside, and the action remanded that judgment in accordance with this opinion may be entered.

Error.