BURT L. OWNBEY v. PARKWAY PROPERTIES, INC.

(Filed 30 September, 1942.)

**Mortgages §§ 30a, 31a, 31e: Limitation of Actions § 2a—**
    Actual possession by the mortgagor or grantor is a prerequisite to the bar of the ten-year statute of limitations against the foreclosure of mortgages and deeds of trust on realty, C. S., 2589 and 437 (3)—a mortgagor has no constructive possession and if he is not in actual possession the statute runs against him.

APPEAL by plaintiff from *Ervin, Special Judge,* at Special June Term, 1942, of BUNCOMBE. Affirmed.

Civil action in ejectment here on demurrer at the Spring Term, 1942. *Ownbey v. Parkway Properties, Inc.,* 221 N. C., 27.

The facts are fully set out in the case agreed as follows:

"1. The plaintiff, B. L. Ownbey, acquired title to Lot No. 16 of Block 15 of Royal Pines, plat of which is duly recorded . . . by a deed dated November 28, 1925, and recorded . . .

"2. That the plaintiff, B. L. Ownbey, under date of November 28, 1925, executed a deed of trust to Central Bank & Trust Company,

Trustee, securing notes executed by him for balance of purchase price in the aggregate sum of $750.00, and the last of said series of notes matured on November 28, 1928, said deed of trust being recorded in Deed Book 211, page 319.

"3. That under date of November 14, 1938, John W. Spicer was substituted as trustee, under the provisions of Consolidated Statutes, section 2583 (a), which substitution was certified by the Clerk of the Superior Court and recorded November 17, 1938, in Deed Book 511, page 587, in the office of the Register of Deeds for Buncombe County.

"4. That no payment of either principal or interest was ever made on any of the said notes.

"5. That after due notice and advertisement, as provided by law, the said John W. Spicer, Trustee, foreclosed and sold the said lot on December 19, 1938, and conveyed the 'said property to the defendant, Parkway Properties, Incorporated, by trustee's deed dated May 1st, 1940, and recorded May 21, 1940, in Deed Book 529, page 73, records of deeds for Buncombe County; the said foreclosure having been commenced a few days before the expiration of ten years from the maturity of the last note but was completed after the expiration of ten years from the maturity of the last maturing note.

"6. It is further agreed, that the plaintiff has never at any time, from the date of his purchase until the commencement of this action, been in the actual possession of said lot, and has never paid taxes thereon, or exercised any rights of ownership."

When the cause came on to be heard in the court below, the judge presiding, "being of the opinion that the statute of limitations relied upon in this cause by the plaintiff, there having been no possession of the land by the plaintiff, are inapplicable, and that the title of the defendant, as set forth in said agreed statement, is good," entered judgment that plaintiff take nothing by his action. Plaintiff excepted and appealed.

*Charles Fortune for plaintiff, appellant.*
*Guy Weaver for defendant, appellee.*

BARNHILL, J. If the actual possession of the mortgagor is a prerequisite to the bar of the statute of limitations against the foreclosure of mortgages and trust deeds the judgment below must be affirmed and if not *Spain v. Hines,* 214 N. C., 432, 200 S. E., 25, is controlling.

C. S., 2589, provides only that the power of sale in a mortgage or trust deed is barred when an action to foreclose would be barred. Hence, we must read into this section the provisions of C. S., 437 (3), relating to the bar of actions to foreclose. It is thus made to appear that a power

of sale contained in a mortgage becomes inoperative and unenforceable when not exercised within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same, *"where the mortgagor or grantor has been in possession of the property."*

The application of this statute, as an affirmative bar; is dependent upon two conditions precedent : (1) lapse of time; and (2) possession by the mortgagor. No bar is provided except upon these conditions which must be coexistent.

This brings us to the crucial question : Must the possession of the mortgagor be actual?

Plaintiff argues that constructive possession follows the legal title; that seizin is presumed to rest in the owner of the legal title and that the owner of the legal title is, in law, in possession unless the contrary affirmatively appears.

Conceding this argument to be bottomed upon sound principles of law, it does not aid the plaintiff. A mortgage or trust deed conveys the legal title and the mortgagee or trustee is the owner thereof. *Credle v. Ayers,* 126 N. C., 11, 48 L. R. A., 751; *Wittkowski v. Watkins,* 84 N. C., 457; *Woodlief v. Wester,* 136 N. C., 162. Seizin in law is the right of the owner to the possession and enjoyment of a freehold estate and possession is presumed unless the contrary is shown. *Dobbs v. Gullidge,* 20 N. C., 197; *London v. Bear,* 84 N. C., 266; *Deming v. Gainey,* 95 N. C., 528; *Williams v. Wallace,* 78 N. C., 354. If neither party was in actual possession the constructive possession would be in the mortgagee. C. S., 432. *Weathersbee v. Goodwin,* 175 N. C., 234, 95 S. E., 491; *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210; *Crews v. Crews,* 192 N. C., 679, 135 S. E., 784. This principle, in itself, answers plaintiff's contention.

"The law bars the right of entry and of action or foreclosure under power of him only who can, but does not, either enter or sue." *Woodlief v. Wester, supra;* 2 Jones 'Mort. (6d), sec. 1210; *Bruner v. Threadgill,* 88 N. C., 361; *Lee v. McCoy,* 118 N. C., 518. The statute operates in favor of the mortgagor who is in actual possession. The presumption that the conditions of the mortgage have been fulfilled arises (barring foreclosure action and rendering the mortgage inoperative), when, and only when, the mortgagee fails to exercise his power of sale or to foreclose by action as against a mortgagor in actual possession. The mortgagor has no constructive possession and if he is not in actual possession the statute runs against and bars his right of redemption if he fails to act within the ten-year period. C. S., 437 (4).

Speaking to the subject in *Woodlief v. Wester, supra, Walker, J.,* says : "But we think the plaintiff must fail on his plea of the statute

by reason of the very words of the act itself. It is impossible to suppose that the Legislature intended a constructive possession, for the 'mortgagor or grantor' could never have such possession as against a mortgagee. The latter, we have already seen, has the right of possession by construction of law, as he has the legal title, and, if a constructive possession was intended, there was no use in requiring possession at all, as, if neither party was in actual possession, the constructive possession would always be in the mortgagee. . . . We cannot resist the conclusion from the language of the act itself, when read in the light of well-settled legal principles governing the relation of mortgagor and mortgagee, that an actual possession was intended. Besides, it had always been held, before the adoption of sec. 152 (3), (now C. S., 437 [3]), of The Code, that nothing short of an actual possession for the required period of time would be a good bar to the mortgagee's right."

This Court held in *Simmons v. Ballard,* 102 N. C., 105, that the possession of the mortgagor, in order to bar the right of the mortgagee to foreclose, must be the same kind as that required to be held by the mortgagee in order to bar the mortgagor's right to redeem, which is an actual possession, or the possession and the exercise of full ownership over the land, for the required period of time after the default of the mortgagor. *Edwards v. Tipton,* 85 N. C., 480; *Ray v. Pearce,* 84 N. C., 485; *Woody v. Jones,* 113 N. C., 253. The statute, C. S., 437 (4), barring this correlative right of the mortgagor to redeem is discussed in *Crews v. Crews, supra.* It is there held that nothing less than actual possession is contemplated.

We are not inadvertent to the fact that our conclusion serves to make the work of the abstracter more burdensome. Even though a mortgage, on the record evidence, is barred he must still ascertain the status of possession before forming a final conclusion. Such is the case as to payments. In any event, this is the law as written. If any change is to be effected it must be by legislative act. Perhaps this is what the General Assembly had in mind when it adopted ch. 192, Public Laws 1923, now C. S., 2594 (5).

The court below correctly applied the law to the facts agreed. Plaintiff, by his own admission, has abandoned his equity and has lost his right of redemption. The protective provisions of C. S., 2589, are not available to him. The judgment is

Affirmed.