MATTIE F. FREDERICK et al. v. HARPER WILLIAMS.

*Statute of Limitations, as to Suit to Redeem Mortgage: When not Arrested by Disabilities; The Code, §§ 152(4), 148, 168— Mortgagee in Possession.*

1. If the statute of limitations commences to run, nothing stops it. When it begins to run against the ancestor, it continues to run against the heir, although the heir is under disability when the descent is cast.

2. There is nothing in § 148, *The Code*, which changes the law as it formerly existed.

3. Mortgagee. sold the mortgaged land, bought it himself, and entered into adverse possession in the life-time of mortgagor, *i. e.*, on January 1, 1874; which adverse possession has continued ever since. Mortgagor died January 1, 1883; there has never been any administration on his estate; in June, 1887, his *infant* heirs sued the mortgagee for redemption: *Held,* that the action is barred under *The Code,* §§ 152 (4), 148 and 168.

4. Where a mortgagee takes adverse possession of, and rents out the mortgaged land, the payments of rent to him by his tenants on the land does not affect the running of the statute of limitations against the mortgagor's right to sue for redemption.

CIVIL ACTION, tried before *Boykin, J.,* December Term, 1888, of DUPLIN Superior Court.

The parties waiving a trial by jury, agreed to the following facts, with the understanding that the Court should render judgment thereon according to his opinion of the law arising therefrom :

1. Norris F. Frederick made mortgage deed for the lands in dispute on April 18, 1873, for $596.

2. After maturity of said mortgage the mortgagee advertised and sold said lands and himself became the purchaser.

3. Under and by virtue of said sale and purchase the mortgagee, the defendant in this action, entered into the adverse possession of said lands on January 1, 1874, and has

held and used them as his own ever since, and has put valuable improvements thereon.

4. At various times since such sale the defendant has received as rents for said premises large sums of money, some of which has been paid by his tenant within three years prior to the commencement of this action.

5. At the time of such sale the mortgagor was residing in a remote part of the State.

6. Norris Frederick, the mortgagor, died about the 1st day of January, 1883.

7. There has been no administrator or executor of his estate.

8. The plaintiffs in this action are infants of tender years, heirs-at-law of the mortgagor Norris Frederick, and are without any general or testamentary guardian, and have never had any guardian.

9. This action was commenced on the 6th day of June, 1887.

Upon a consideration of the foregoing facts, the Court, being of the opinion that the defendant was entitled to judgment on his plea of the statute of limitations, adjudged that the plaintiffs go without day, and they appealed.

*Messrs. D. B. Nicholson* and *Jno. Devereux, Jr.,* for the plaintiffs.

No counsel for the defendant.

SHEPHERD, J. (after stating the case). The defendant, after the maturity of the mortgage debt, entered into "the adverse possession" of the property on the 1st day of January, 1874. The mortgagor died about the 1st of January, 1883. The statute of limitations (*The Code,* § 152, par. 4) had, therefore, run against him for a period of nine years. This action was brought on the 6th day of June, 1887, and is barred, unless the plaintiffs can bring themselves within

some of the disabilities prescribed by *The Code.* It is well settled that, when the statute of limitations begins to run, nothing stops it. "So, when it begins to run against the ancestor, it is not suspended by any statutory disability in the heirs at the time of descent cast." Wood on Limitations, 11; *Pearce* v. *House,* Term Rep., 722 Four years after the death of the mortgagor, and about three after the equity of redemption had been barred (*Bruner* v. *Threadgill*, 88 N. C., 361), the heirs of the mortgagor, who are infants, bring this suit to redeem.

We see nothing in section 148 of *The Code,* cited by counsel, which changes the law as it formerly existed, nor do we see how section 168 of *The Code* can help the plaintiffs. Conceding that this section relates to actions other than personal, the plaintiffs have not brought themselves within its terms by suing within a year after the death of their ancestor, and there is no saving, as to infancy, in the section referred to.

There is no error in the ruling of his Honor, and the judgment will be affirmed.

No error.                                                  Affirmed.