J. M. BERNHARDT v. J. R. HAGAMON et al.

(Filed 7 May, 1907).

**Deed of Trust—Redemption—Trustee—Accounting—Statute of Limitations.**—The trustor's right of action for redemption, under a deed of trust conveying land as security for a debt, and to an accounting, when it appears that he should retain possession until default made, accrues as soon as the trustee takes possession, and is barred in ten years thereafter, in the absence of any claim or demand.

CIVIL ACTION, tried before *Guion, J.,* and a jury, at January Special Term of the Superior Court of CALDWELL County. From a judgment in favor of defendant the plaintiff excepted and appealed. The facts are sufficiently stated in the opinion.

*Mark Squires, Lawrence Wakefield* and *Jones & Whisnant* for plaintiff.

*W. C. Newland, Bower & Hufham* and *D. B. Lowe* for defendant.

CLARK, C. J. In 1881, F. B. Cottrell executed a deed in trust to John A. Boyden to secure certain notes due to Mary L. Boyden. Soon thereafter the trustee entered into possession, which has been held by him and by his co-defendant,

Hagamon (to whom he conveyed a part of the land in 1899), without any claim or demand from Cottrell. In July, 1906, the plaintiff procured a conveyance from Cottrell and soon thereafter brought this action for an accounting, and asking an injunction against cutting timber.

The ten years' statute (Rev., sec. 391, 4) is pleaded and is so complete a defense that no discussion is necessary. *Edwards v. Tipton,* 85 N. C., 479; *Simmons v. Ballard,* 102 N. C., at p. 109. The trust deed provided that Cottrell should retain possession until default made. The trustor's right of action for redemption of the mortgage and an accounting accrued as soon as the trustee took possession, and became barred in ten years.

The evidence of Cottrell, witness for the plaintiff, showed that during the twenty-five years after Boyden took possession, and up to the beginning of this action, Cottrell had made no payment on the debt, nor any demand for possession of the property, nor for an accounting. The Court properly sustained the demurrer to the evidence (Rev., sec. 383).

No Error.