ROBERT GREEN ET AL. v. JOHN C. RODMAN.*

(Filed 24 February, 1909.)

1. Mortgagor and Mortgagee—Mortgagee in Possession—Tenant—Accountability—Rents.

By entry upon the mortgaged premises the mortgagee makes himself tenant of the land and becomes responsible to the mortgagor for the "highest fair rent" and for all such acts of omission for which an ordinary tenant would be liable.

2. Same—Lessor and Lessee—Assignee of Mortgage Note—Notice.

One who has not been in possession of mortgaged premises and has advanced money to a lessee in possession, with an option of purchase, with which the lessee acquired the note secured by the prior outstanding mortgage by accepting the mortgage note as collateral for the loan at a time when nothing was due under the lease, does not become a mortgagee in possession and is not chargeable with notice of any claim against the lessee made by the mortgagor for rents and profits, and he is entitled to have the mortgage foreclosed and the proceeds applied thereunder to the satisfaction of his debt, without an accounting.

3. Judgment—Rights Reserved—Estoppel.

When a judgment expressly reserves the rights of one of the parties litigant, without prejudice, it does not estop him from further asserting such rights.

*BROWN, J., did not sit.

GREEN *v.* RODMAN.

ACTION tried before *Guion, J.,* and a jury, at December Term, 1908, of BEAUFORT.

This action was brought for the redemption of a mortgage, and was tried in the court below upon the following facts:

1. The mortgage was executed by Robert Green and S. T. Hooker to Lawrence Hooker on a lot in Washington, N. C., 13 April, 1905, to secure the sum of $1,500 due by note, payable 1 January, 1906, with 6 per cent interest.

2. On 26 August, 1905, Robert Green and S. T. Hooker executed to Miles & Corey a lease of said property for the term of five years, the lessees agreeing to pay as rent $50 per month, the first payment to be made on 15 October, 1905. The rent was paid to 1 March, 1906, but none has been paid since that time. Miles & Corey took possession of the lot under the lease, and remained in possession until the accumulated rents from 1 March, 1906, amounted to $1,600, with interest thereon from 1 August, 1907.

3. The lease to Miles & Corey contained a provision that they might purchase the property described therein at any time on or before 26 August, 1906, at $5,000, by an actual tender of the money. On 20 January, 1906, Miles & Corey commenced in the Superior Court an action against Robert Green, S. T. Hooker and Lawrence Hooker for the specific performance of the contract to sell contained in the lease. In said suit a judgment, purporting to be by consent, was entered at February Term, 1906, and at the same term it was set aside by the court and another judgment rendered, and it appeared in the last judgment that Miles & Corey had purchased the note secured by the mortgage from Lawrence Hooker, and the court thereupon adjudged that they be subrogated to his rights under the mortgage. The court enjoined the sale of the property under the mortgage, which had been advertised. The judgment recites, as the case states, that "Miles & Corey are in possession of the land described in the complaint under the lease or contract from Green & Hooker," and "it was ordered that the plaintiffs pay over the rents, as provided in said lease or contract, to the clerk of the court, to be held by him pending the adjudication of the rights of the parties, respectively." Miles & Corey borrowed from

150—12

John C. Rodman the sum of $500 on 5 March, 1906, to enable them to purchase the note, secured by the mortgage, from Lawrence Hooker, and it was so applied. They thereupon transferred to John C. Rodman the said note, secured by the mortgage, as collateral to secure the indebtedness to him. At April Term, 1906, in the case of Miles & Corey against Green & Hooker, the plaintiffs moved, on the pleadings, for a decree for the specific performance of the contract of sale contained in the lease, on the pleadings, and their motion was denied and the injunction against the sale of the property under the Hooker mortgage was dissolved. The court further adjudged as follows: "The said plaintiffs being subrogated as aforesaid to the (rights of the) said Lawrence Hooker in the premises, it is hereby adjudged that they be at liberty to collect said debt and foreclose the mortgage securing the same." At May Term, 1907, upon the trial of the said action, the court having intimated that the plaintiffs were not entitled to specific performance of the contract set forth in the lease, the plaintiffs submitted to a nonsuit, and judgment was entered accordingly. No money was paid into court by Miles & Corey under the former judgment.

4. Miles & Corey and John C. Rodman advertised the property described in the mortgage for sale, in the name of Lawrence Hooker, as mortgagee, whereupon the present suit to restrain the sale and for an accounting was brought by the plaintiffs against the defendants, John C. Rodman, Miles & Corey and Lawrence Hooker. In all of the transactions connected with the transfer of the mortgage by Lawrence Hooker to Miles & Corey, and by the latter to John C. Rodman, as well as with the attempted sale under the mortgage, the said Miles & Corey and John C. Rodman were represented by the same attorney, and during all of said time Miles & Corey continued in possession of the property and failed to pay any rent into court or to Green & Hooker, and the accrued rent amounts to $1,600 as aforesaid. At December Term, 1908, in an action between Robert Green, S. T. Hooker and Miles & Corey, the court adjudged that the defendants were indebted to the plaintiffs in the said sum of $1,600, the amount due as rent by them for the property

described in the complaint, with interest from 1 August, 1907. The court further adjudged that the said amount "shall be applied *pro rata* in satisfaction of the mortgage to Lawrence Hooker and the debt therein secured to him, without prejudice to the further order of the court in respect to the rights of John C. Rodman, as assignee of said debt, and the right of plaintiffs in respect of satisfaction thereof by application of rents or otherwise." At the same term, with the consent of the parties, the question as to the rights of the plaintiff and of John C. Rodman, upon the facts as above stated, having been reserved for the consideration of the court, the court adjudged that John C. Rodman is entitled to recover the debt to him by Miles & Corey, and that the same is secured by the mortgage from Green & Hooker to Lawrence Hooker, which was assigned to Miles & Corey; and it was further adjudged that the commissioner then appointed sell the property, upon the terms and under the directions set out in the decree, and report to the court.

The plaintiffs excepted to the said judgement and appealed to this Court.

*Small, MacLean & McMullan* for plaintiffs.
*W. C. Rodman* for defendant.

WALKER, J., after stating the case: It has been settled by the authorities that when a mortgagee takes possession of the land conveyed to him by the mortgage he must account to the mortgagor for the "highest fair rent, and he becomes responsible for all such acts or omissions as would under the usual leases constitute claims on an ordinary tenant," because by his entry and possession he makes himself "tenant of the land," and it is but just and reasonable that he should be held liable for its rents and profits to the mortgagor. *Morrison v. McLeod*, 37 N. C., 108; *Hinson v. Smith*, 118 N. C., 503; *Gammon v. Johnson*, 127 N. C., 53; *Jackson v. Hall*, 84 N. C., 489. The mortgagee is trustee to secure the payment of his debt, and when the debt is paid he holds for the mortgagor. Whatever, therefore, he receives by virtue of his trust must go in satisfaction of his claim. But this conceded principle does not apply to the facts of this case, so as to charge the defendant, Rodman, with the rents and

profits of the land mortgaged by Green & Hooker to Lawrence Hooker. The latter assigned the debt secured by the mortgage to Miles & Corey, and they assigned the same to Rodman to secure a debt of $500 due to him. Miles & Corey, before they assigned the mortgage to Rodman, had leased the land for five years from Green & Hooker, with an option to buy it, and the case shows that when they purchased the mortgage debt from Lawrence Hooker they were in possession of the land under the leases, and continued to hold as lessees until they assigned the debt and mortgage to Rodman. The court, by its judgment rendered at February Term, 1906, recognized them as tenants in possession under the contract of lease; and, indeed, in the second section of the case settled for this Court, which sets out the facts admitted by the parties, it is stated that Miles & Corey entered under the lease and continued in possession until the rents, which have accrued since 1 March, 1906, amounted to $1,600. At the time Miles & Corey assigned the mortgage debt to Rodman they had paid the rents then due. Rodman never took possession of the land. It is evident, from the facts thus stated, and which appear more fully in the record, that Miles & Corey purchased the note secured by the mortgage from Lawrence Hooker for the purpose of protecting their interests under the lease against this prior encumbrance, and it appears clearly that they never, while they held the note, asserted any right to the possession of the land by virtue of any interest they acquired under the mortgage, but only as lessees. They occupied the land after the purchase of the mortgage note, just as they had done before. We repeat that when Rodman received the mortgage note as collateral for the debt due by Miles & Corey he acquired all their interest under the mortgage by the assignment to him, and at that time the rents due by the lessees, Miles & Corey, had been paid. Rodman is not concluded by any judgment of the court or estopped thereby from setting up his claim to foreclose the mortgage, as all his rights were expressly excepted from the operation of the said orders and judgments and reserved to him without prejudice; nor is he charged with notice of any proceedings or of any facts which entitles the plaintiff to have the rents and profits of the land credited on

the mortgage debt as against him, for at the time he received the debt secured by the mortgage as collateral the rents had been paid by Miles & Corey, and he, by virtue of the assignment of the debt so secured, had succeeded to all the rights of Miles & Corey thereunder.

It follows from this statement that the principle of law upon which the plaintiffs rely has no application to this case, and that Rodman is entitled to foreclose the mortgage by sale for the purpose of paying the amount due to him. Consequently there was no error in the ruling and judgment of the court upon the case and facts admitted therein.

Affirmed.