MARY W. KISTLER, Trustee for MRS. JOHN N. WILSON; J. M. and ANNIE PEGRAM; MRS. W. M. MILLS; MRS. MARGARET M. FERGUSON; F. C. ODELL, Trustee for ELIZABETH BYRD; LAURA D. WORTH; LINA E. WORTH; ARCHIE S. WORTH; MRS. FRANK R. BROWN; T. D. DUPUY, Trustee for MRS. J. A. TAYLOR; MRS. MARY R. GRIMSLEY; MARY B. EDWARDS, and All Other Creditors, v. WILMINGTON DEVELOPMENT COMPANY; J. W. BRAWLEY and Wife, MARGARET L. BRAWLEY; F. C. BOYLES; GEORGE T. PENNY; J. E. LATHAM and C. L. WEILL, Receivers of GEORGE T. PENNY; DAVID J. WHITE, Executor of DAVID WHITE, Deceased; L. M. HAM, JR., W. W. HAM, and KATE W. HAM, Executors of the Last Will and Testament of L. M. HAM, Deceased.

(Filed 4 January, 1939.)

1. Mortgages § 17—

Ordinarily, after default the holder of the indebtedness is entitled to possession of the property until the debt is paid or until foreclosure, subject to the duty of crediting the debt with a reasonable rental for the time he is in possession.

2. Receivers § 14—Held: Under order confirming agreement of parties, rents collected by mortgagee were not chargeable with receivership costs.

Pending the hearing of a petition of a mortgage creditor for segregation and application of rentals from the mortgaged property, the receivers and petitioner agreed that the net rents should be paid petitioner and that petitioner should not assert any claim against the estate for deficiency after foreclosure. Upon the hearing the court found that the mortgage debts were in default and that they greatly exceeded the value of the property, affirmed the agreement, dissolved the order restraining foreclosure, and directed that the net rentals, after payment of operating expenses, fire insurance, taxes, "and other items chargeable thereto," should be paid petitioner. Thereafter net rentals were paid to petitioner to a certain date. This hearing was had on motion of petitioner to require compliance with said order as to rentals from said date to date of foreclosure, the receivers claiming for the first time that such rentals were chargeable pro rata with costs of receivership. Held: The order confirming the agreement did not charge the rentals with any part of the costs of receivership, the term "and other items chargeable thereto" referring solely to items of operating costs, an order entered upon hearing of the motion that the rentals were chargeable pro rata with costs of receivership, either as construing the prior order as including such charge, or as superimposing an additional charge against the fund, is error, the prior order constituting res judicata as to the application of the fund.

Appeal by Life Insurance Company of Virginia, petitioner and movant, from Phillips, J., at August-September Term, 1938, of Guilford. Reversed.

Civil action in which receivers were appointed to liquidate the assets of the corporate defendant and in which the secured creditors were restrained from selling under foreclosure or otherwise interfering in any manner with the possession of the receivers.

The petitioner and movant is a secured creditor under two deeds of trust. Each series of notes held by it is in substantial arrears.

In the order appointing receivers the receivers were authorized to permit secured creditors to collect the rent from the property to the extent of overdue interest on the indebtedness. Subsequent to a petition by the movant, praying that the receivers be required to segregate rental income derived from the properties upon which they held security, the movant and the receivers entered into an agreement for the segregation of such rents.

The trustees in the deeds of trust on 8 April, 1937, filed a petition for the dissolution of the restraining order against foreclosure. On 28 April, 1937, the movant filed a supplemental petition renewing its motion to require the receivers to segregate the rents to be applied as set forth in its former petition and further praying for the dissolution of the restraining order against foreclosure.

The pending petitions and motions came on to be heard before Armstrong, J., 21 May, 1937. In its order the court found as a fact "that following the filing of the original petition of the Life Insurance Company of Virginia on January 8, 1934, the receivers in this cause and the said petitioner entered into an arrangement for the segregation of the rentals from said properties in the manner prayed for in the original petition, and that the receivers have paid all of the net income derived from said properties to the Life Insurance Company of Virginia up to September 4, 1936." The court further found that the amount due the Life Insurance Company of Virginia under one of the deeds of trust was, as of 15 April, 1937, $58,628.39, and that the amount due under the other trust deed as of said date was $54,467.23, and that the indebtedness under each of the deeds of trust greatly exceeded the value of the respective security and that the receivers have no equity in the property and that the same does not constitute an asset from which any benefits could be derived for the estate or the creditors thereof. The court further found that the Life Insurance Company of Virginia in consideration of the granting of its motion agreed that it would waive any claim against the estate of the Wilmington Development Company which might arise by reason of any deficiency in the event the security did not bring at public sale the full amount of its indebtedness. It now appears that the deficiency was more than $30,000.

The court thereupon entered an order: (1) Dissolving the order restraining foreclosure sale. (2) Ratifying, confirming and approving the

agreement between the movant and the receivers for the segregation of rents and directing the receivers "to pay over to the Life Insurance Company of Virginia all net rentals which they now have on hand, or may hereafter accumulate as long as said properties shall be in their charge and possession, after the payment of necessary operating expenses, fire insurance premiums, taxes on said real estate, and other items properly chargeable thereto." Determination of the respective rights of the parties under the chattel deed of trust executed as additional security was reserved without prejudice.

Pursuant to notice served on the receivers by the movant, motion by the Life Insurance Company of Virginia to require the receivers to comply with the order of Armstrong, J., came on to be heard before Phillips, J., at the August-September Term, 1938. Upon the hearing the court found certain facts, including the finding: (1) That the balance of net rentals from said properties which accumulated prior to 4 September, 1936, was paid to the movant; (2) that the net balance of rents accumulated since 4 September, 1936, is now held by the receiver and amounts to slightly more than $7,000; (3) that the amount due the movant on its indebtedness after applying the proceeds of the security, including rents, thereto is approximately $30,000; (4) that prior to and during the receivership the mortgaged realty was in the actual control and management of a real estate agency, which has been paid for its services and which has accounted for the amounts of rents collected, after charging costs of repairs, taxes, commissions, etc.; (5) that the receivers have been paid $6,400 for their services and their attorneys have been paid $600, all of which was paid from general funds, and no part of which has been charged specifically against the fund derived from rents; and (6) "That all claims of secured and unsecured creditors have been satisfied by compromise except as to this matter in controversy and that the total amount now in the hands of the receivers is approximately $10,000."

Thereupon, after finding that the expenses of receivership are items properly chargeable against the property and the rents collected thereon, the court entered an order denying the motion of the Life Insurance Company of Virginia and ordering the receivers, pursuant to the order of Armstrong, J., to charge against the net rents collected all of the items referred to in the order and the pro rata part of receivership expenses. The movant, Life Insurance Company of Virginia, excepted and appealed.

*Hobgood & Ward and Eugene G. Shaw for the Life Insurance Company of Virginia, appellant.*

*Sapp & Sapp for Roger W. Harrison and T. D. Dupuy, Receivers of Wilmington Development Company, appellee.*

KISTLER *v.* DEVELOPMENT CO.

BARNHILL, J.   There is but one question presented on this appeal:
Was there error in the order of Phillips, J., in directing the pro rata
part of receivership expenses to be charged against the fund now in the
hands of receivers derived from rents collected on the mortgaged prop-
erty?

Ordinarily the owner of the indebtedness under a deed of trust which
is in default is entitled to the possession of the mortgaged property
until the debt is paid or until foreclosure, subject to the duty of credit-
ing the indebtedness with a reasonable rental for the property during
the time the mortgage creditor is in possession.   In this instance the
movant, mortgage creditor, was deprived of this right by an order of the
court.   It thereupon entered into an agreement with the receivers under
the terms of which the net rentals after deducting rental agency com-
missions, cost of repairs, taxes, insurance and other expenses directly
incident ·to the management and control of the property, were to be
segregated and paid to the movant.   This agreement was later ratified
and approved in the order of Armstrong, J.   That there was no real
misunderstanding as to the exact terms of this agreement and the order
of Armstrong, J., is apparent.   The receivers, under their interpreta-
tion of the agreement and the order, paid over to the movant the net
rentals accruing up to 4 September, 1936.   They did not then deduct, or
claim the right to deduct, any part of the cost of the receivership.   They
correctly interpreted the language "and other items properly chargeable
thereto" in the order of Armstrong, J., to mean other items of expense
similar to those enumerated.

A careful reading of the judgment entered by Phillips, J., leads us
to the conclusion that he also placed this interpretation upon the order
of Armstrong, J., rather than the interpretation that ."and other items
properly chargeable thereto," included a ratable part of the receivership
expenses as now contended by the receivers.   He ordered "that the
receiver herein, pursuant to the order of Frank M. Armstrong, Judge
presiding, signed the 21st day of May, 1937, charge against the net
rents collected *all of the items referred to in the order* and the pro rata
part of receivership expenses. *The items referred to in the order*
included all items properly chargeable thereto and, as theretofore cor-
rectly interpreted by the parties, referred to items of expense in connec-
tion with the management and control of the property.   The order of
Phillips, J., simply superimposes an additional charge against this fund.

If, however, the court below, in ordering the pro rata part of receiver-
ship expenses to be charged against the special fund in the hands of
receivers, proceeded upon the theory that expenses of receivership were
embraced within the general clause "and other items properly charge-
able thereto" in the order of Armstrong, J., the court was in error.   We

are of the opinion that this general term in the former order relates back to and must be interpreted in connection with the specific items of expense enumerated in the order. It necessarily means other like expenses or other expenses incurred in the management of the property. Thus the parties themselves interpreted the order over a period of years.

Without debating whether the movant would be entitled in any event to the net rentals without deduction of any part of the receivership expenses, we are of the opinion that the order of Armstrong, J., based as it was upon the consideration that the movant would waive all claim for deficiency against the receivership estate, which order was entered without exception, is final and conclusive as to the matters now in controversy. The matter of the rights of the movant as to the rents derived from said property having been submitted to ·and adjudicated by Armstrong, J., no other Superior Court judge possessed the power and authority to review such order and to enlarge the number of items to be charged against the gross rent before the payment of any part thereof to the movant. When the cause came on to be heard before the court below it was *res judicata* except as to the motion of the movant to require the receivers to comply with the former order. The movant was entitled to an order as prayed requiring the receivers to comply with the order of Armstrong, J.

This cause is remanded to the end that an order may be entered requiring the receivers to forthwith pay to the movant the net amount of rents now in their hands without deduction of any part of the receivership expenses.

Reversed.