The plaintiff brought this suit to have an accounting made between herself and certain of the defendants, to have a sale of lands made by the Land Bank under deed of trust executed by her declared void, and to have conveyances made thereunder set aside, to recover of the defendants for waste and for the value of timber cut upon the premises, and to be permitted to redeem the lands of which she claims she was deprived by the fraudulent devices of the Land Bank, the defendant Windham, and others. *Page 415 
The plaintiff alleges that she secured a loan from the defendant North Carolina Joint Stock Land Bank, and while this was in force she entered into a contract with the defendant Windham under which he became her tenant on the lands in controversy, and agreed, amongst other things, to pay the installments on the Land Bank debt as they became due; that Windham, with the design to mature the notes and cause default in their payment and bring about a sale of the lands for his own benefit, failed to apply the rent to the installments, and that, in collusion with the Land Bank, Windham undertook to become, and did become, the tenant of the bank as to the lands. That the bank made a separate contract of tenancy with said Windham, in violation of plaintiff's rights, and thereby went into possession of the lands; that the rents from the lands due plaintiff were sufficient to pay all installments as they became due upon the lands, but that the Land Bank refused or neglected to collect a proper rental from Windham and permitted a large amount of waste upon the premises; that the reasonable rental value of the lands while in the possession of the defendant Land Bank was amply sufficient to cover all demands which the said Land Bank might rightfully have against the plaintiff with respect to her deed of trust and the installments due thereon. It is further alleged that the defendant Land Bank and the defendant Windham, fraudulently conspiring together, brought about a sale of plaintiff's land under the power of sale contained in the mortgage deed, in September, 1933, at which the Land Bank became purchaser at a grossly inadequate price. That in 1934 the defendant Land Bank conveyed the land to R. D. Harrington and wife, Eva Harrington, taking a deed of trust therefor in the sum of $4,400 to the Interstate Trustee Corporation, Trustee, codefendant in this action, and that about thirty days thereafter the defendant Harrington and wife conveyed the lands to the defendant Windham; that during all this time the Land Bank and Harrington and wife knew that Windham held the lands under the rental agreement with the plaintiff and the terms thereof, and that he had breached his agreement in order to get a legal title to the land, and aided and assisted him in his unlawful acts.
The plaintiff further states that the defendants Land Bank and Windham have been in possession of the land for the years 1933 to 1937, inclusive, during which time they have formed the lands and have not accounted to the plaintiff for the rents and profits; that the defendants have permitted a large amount of waste to be committed on the premises and have caused and allowed the defendant William H. Wood to go upon the land and cut and remove timber trees to the value of $2,000; and that the defendant Windham has cut off valuable wood, selling the same and converting it to his own use. *Page 416 
The defendants denied any conspiracy or fraud with reference to plaintiff's lands, the Land Bank alleging that plaintiff's notes became due in regular course and were not paid, and that in the honest execution of the trust imposed the trustee sold the lands, at which sale the Land Bank became purchaser, conveying the property in the regular course of business thereafter. The defendants severally denied that any waste was committed upon the premises by them or anything removed therefrom in violation of the rights of plaintiff.
The corporate defendants denied that any agreement with the plaintiff was violated by the advertising and selling of the lands, and the Land Bank expressly denied that it had any agreement with the plaintiff or John L. Windham with regard to the matter.
The answer of the Interstate Trustee Corporation, defendant, is in agreement with that of the Land Bank, and denied any wrongful act of any nature toward the plaintiff.
The answer of John L. Windham is a substantial denial of the principal allegations of the plaintiff's complaint, and, in addition thereto, Windham pleads the three-year statute of limitations.
The answer of the defendants Harrington and wife is immaterial to such phases of the case as the Court finds it necessary to consider.
There was evidence of the tenancy of Windham, of a contract of Windham to pay rentals sufficient to take care of the installments due on the Land Bank debt, and of a direct contract made later between Windham and the Land Bank, by which Windham became the tenant of the said Land Bank, and further evidence as to the rental value of the lands and as to the value of the timber and wood cut therefrom during the occupancy of the land by Windham and subsequent to the sale by the trustee under the deed of trust to secure the Land Bank note.
At the conclusion of plaintiff's evidence, and at the conclusion of all the evidence, the defendants separately moved for judgment as of nonsuit and the motions were allowed. From this, the plaintiff appealed.
It is not necessary to analyze the voluminous evidence in the record, since upon the judgment of nonsuit, our consideration is narrowed to one phase of the case. *Page 417 
The evidence, considered in the light most favorable to the plaintiff, raises an inference which must be left to the jury that the defendant Land Bank went into the possession of the land through a contract of tenancy with Windham some time prior to its sale under the deed of trust. As the mortgagee in possession, it was the duty of the Land Bank to apply to the notes and mortgage held by it the rentals received from Windham, and it was chargeable as such mortgagee in possession for a reasonable rental to be so applied, and for the value of wood and timber removed from the premises, if any, during its occupancy. Kistler v. Development Co., 205 N.C. 755,172 S.E. 413; Green v. Rodman, 150 N.C. 176, 111 S.E. 408.
Under the evidence in this case, we think the plaintiff had the right to have an accounting, and if it appears therefrom that there was nothing due the Land Bank at the time of the sale of the lands in controversy, and if such sale was brought about through the wrongful action of the Land Bank, she would ordinarily be entitled to redeem the land unless this has been rendered impossible through the conduct of the Land Bank. In that event, she would be entitled to such damages as she may have sustained, and which may be provable under applicable law.
The evidence does not affirmatively show that any cause of action which the plaintiff may have had against Windham accrued within the three years next preceding the institution of the suit; nor is it sufficient to justify a recovery against any defendant other than the Land Bank.
As to the Land Bank, the judgment of nonsuit is
Reversed.
As to the other defendants, it is
Affirmed.