BESSIE R. BROWN, ADMINISTRATRIX OF THE ESTATE OF W. B. BROWN, v. JOSEPH DANIEL AND WIFE, LOUISA DANIEL.

(Filed 26 March, 1941.)

1. **Trial § 37—**

    Issues must be formulated not only with regard to the pleadings but also to the phases of the evidence pertinent thereto.

2. **Same: Judgments § 17b—**

    A judgment entered upon issues which are not determinative of the controversy is erroneous.

3. **Mortgages § 16—Duty of mortgagee to account for timber cut and removed.**

    A mortgagee must account to the mortgagor for timber cut from the *locus in quo,* (1) when the mortgagee is in possession and the timber is cut and removed at the instance of the mortgagee for his own benefit, (2) when the mortgagee is not in possession but the timber is cut and removed at his instance and through his agency and for his benefit, regardless of whether the cutting is done with or without the consent of the mortgagor, unless he has a special agreement with the mortgagor which would relieve him of such liability.

**4. Same—**

When the mortgagor attempts to cut and remove timber and receive the proceeds, the mortgagee has the right to intervene and even restrain the cutting although he may consent thereto and thus release his security *pro tanto,* but if the mortgagee intervenes and demands that the proceeds be paid to him and thereby makes it impossible for the mortgagor to collect for the timber, the mortgagee is ordinarily liable for the proceeds.

**5. Same—Issues and instructions based upon theory that consent of mortgagor to removal of timber by mortgagee was prerequisite to liability of mortgagee held erroneous.**

In this action to foreclose a mortgage, defendant mortgagors alleged and offered evidence tending to show that they attempted to sell the standing timber, that the mortgagee intervened and consented to the cutting of the timber only upon condition that the purchaser of the timber pay the proceeds to him, the mortgagee. *Held:* An issue importing that the consent of the mortgagors to the sale of the timber by the mortgagee was prerequisite to the duty of the mortgagee to account for the proceeds, and instructions to the effect that the mortgagors had the burden of proving by the greater weight of the evidence that they did not consent to the agreement between the mortgagee and the purchaser of the timber, are *held* for error.

APPEAL by defendants from *Carr, J.,* at January Term, 1941, of PITT. New trial.

The defendants, Daniel and wife, purchased a tract of land from W. B. Brown, plaintiff's intestate, and gave several notes, representing the purchase price, which were secured by mortgage deed upon the premises. During the lifetime of the mortgagee, Brown, payments were made upon these notes. It appears from the pleadings that the mortgagee attempted to foreclose, under the power of sale contained in the mortgage, but both parties to the action have conceded the invalidity of such attempt at foreclosure. After the death of Brown his administratrix, the present plaintiff, instituted an action for foreclosure and sale of the premises, alleging that a part of the purchase price, represented by notes in her hands, was still unpaid.

The defendants opposed the foreclosure upon the ground that there was nothing due on the mortgage; alleging that during the lifetime of Brown, the mortgagee, payments had been made upon the notes, and that a quantity of timber had been cut off the premises by Brown for his own benefit, which ought to be credited upon the purchase price, and which, in value, exceeded the balance due thereupon, and asked that the notes be canceled and returned to them.

The plaintiff replied, alleging that Joseph Daniel authorized a lumber dealer to go upon the land and cut the timber and that timber was cut under the said authorization and not that of the mortgagee, and that defendants have never accounted for the proceeds of such cutting.

The evidence of the defendants tended to show that the timber was

cut upon the premises at the instance of Brown, and for his benefit and for application upon the mortgage notes, and that a sufficient quantity of the timber had been cut to discharge the indebtedness altogether.

The evidence of the plaintiff upon the pertinent matter tended to show that Harrison, a lumberman, was cutting the timber off of the adjoining Manning Place; had seen Joe Daniel, one of the defendants, who told him that he would be glad for him to "log off" the timber on his place, and that he began upon it but was interrupted next day by a letter, in consequence of which he had a conversation with Mr. Brown; that Mr. Brown told him that he would be glad that he would log the tract but not to pay any money to the Daniels, but, on the contrary, to pay it to him, Brown, as he wanted to get the money on his mortgage.

Over the objection of the defendants, the following issue was submitted to the jury: "Did the plaintiff's intestate, W. B. Brown, mortgagee, sell the timber standing and growing on the lands in controversy without the consent of the defendants, and was a quantity thereof cut and removed from said premises, as alleged in the answer?" Defendants excepted. In lieu thereof the defendants tendered the following issue: "Did the plaintiff's intestate sell the timber standing and growing on the land in controversy and was a quantity thereof cut and removed from said premises by the purchaser as alleged in the answer?" This was declined and defendants excepted.

The defendants excepted to several of the instructions given to the jury, and especially the following: "But, if the defendants have failed to satisfy you that Mr. Brown made any agreement with the witness Harrison to sell this timber—they must satisfy you by the greater weight of the evidence—or if the defendants have failed to satisfy you by the greater weight of the evidence, if you should find from the evidence that the defendant, Joe Daniel, authorized the cutting of the timber and that upon such finding if the defendants have failed to satisfy you further by the greater weight of the evidence that an additional agreement was made with Mr. Brown and Mr. Harrison whereby Mr. Brown authorized Harrison to cut it and to pay him for it; and the defendants have failed to satisfy you by the greater weight of the evidence that such agreement was made or, if made have failed to satisfy you by the greater weight of the evidence that the defendants consented to such agreement, then it would be your duty to answer that second issue No."

The jury answered all the issues against the defendants; whereupon a judgment was entered granting the relief prayed for and appointing a Commissioner for the sale of the land. From the judgment the defendants appealed, assigning, *inter alia,* the errors noted.

*Harry M. Brown for plaintiff, appellee.*
*Albion Dunn for defendants, appellants.*

SEAWELL, J.   The purpose of the trial is to determine the controversy between the parties in accordance with the law.   Issues are raised by the pleadings, but in their formulation they must have regard not only to the pleadings but to the phases of the evidence pertinent thereto. *Elliott v. Power Co.,* 190 N. C., 62, 128 S. E., 730; *Martin v. Knight,* 147 N. C., 564, 61 S. E., 477.   Where the issues submitted to the jury are not determinative of the controversy, a judgment entered thereupon is erroneous.   *Bank v. Broom Co.,* 188 N. C., 508, 125 S. E., 12.

In applying these principles we must bear in mind that the main controversy between the parties to this action was over the question of authority and responsibility for the cutting of the timber on the mortgaged lands and liability therefor, the defendants contending that it was done at the instance and for the benefit of the mortgagee, the plaintiff contending that it was done at the sole instance of the mortgagor.

The mortgagee in possession is liable to the mortgagor for timber cut and removed from the premises during such possession at the instance or by permission of the said mortgagee, and for his benefit, and is compelled to credit the proceeds, or the market value, upon the mortgage debt.   *Fleming v. Land Bank,* 215 N. C., 414, 417, 2 S. E. (2d), 3; *Kistler v. Development Co.,* 205 N. C., 755, 172 S. E., 413; *Green v. Rodman,* 150 N. C., 176, 111 S. E., 408.   Where the mortgagee is not in possession, he is still liable to the mortgagor for timber which is cut upon the premises at his instance or through his agency and for his benefit, in the absence of a special agreement with the mortgagor, which would relieve him from such liability, whether the cutting is done with or without the consent of the owner and mortgagor.   If the timber is cut at the instance of the owner, with the mere consent of the mortgagee, the latter is under no liability to account, since it is his privilege to release the security altogether if he desires.

However, if the mortgagor attempts, either by himself or through a contract with another, to cut and remove the timber and receive the proceeds, the mortgagee may assert his rights, intervene and even restrain the cutting of the timber.   If, in the assertion of this right, he consents to the cutting but demands that the proceeds should be paid to him and thereby makes it impossible for the owner or mortgagor to collect them, ordinarily he will be responsible for the proceeds.   Furthermore, it may be a question of fact as to whether the transaction merely gave consent or conferred authority.

These general principles are pertinent to the pleadings and evidence as we construe them, but do not seem to be in accord with the theory upon which the issues in the case were framed and the instructions given to the jury.

The issue submitted to the jury assumes that Brown would not be liable to the defendants unless the cutting, at his instance and through his agency, was without the consent of the defendants, and that the burden is upon the defendants to show such want of consent. Since there is no evidence that the mortgagee was in possession (unless the evidence that he did enter and cut the timber might be considered evidence of his assertion of the right to possession) it was, no doubt, proper to put the burden upon the defendants to show such conduct and such acts on the part of the mortgagee as would make him liable for the proceeds of the timber, or the fair market value thereof. But under the pleadings and evidence in this case that liability cannot be made to depend upon the theory that the cutting was done without the consent of the mortgagor, as the issue assumes the case to be. If the cutting was done under the authority and agency of the mortgagee, and for his benefit, whether done with or without the consent of the mortgagor, liability would ensue, nothing else appearing.

We, therefore, think that the second issue, as formulated and submitted, is not expressive of the real issue between the parties, arising from the pleadings and reflected in the evidence, and is not determinative of the controversy. *Clinard v. Kernersville,* 217 N. C., 686, 688; *Greene v. Greene,* 217 N. C., 649, 652; *Teseneer v. Mills Co.,* 209 N. C., 615, 184 S. E., 535; *Hooper v. Trust Co.,* 190 N. C., 423, 130 S. E., 49; *Erskine v. Motor Co.,* 187 N. C., 826, 832, 123 S. E., 193; McIntosh Practice and Procedure, p. 545. The instructions upon this issue, particularly the excerpt quoted above, to which objection has been made, are contradictory and confusing and calculated to mislead the jury with respect to what was required of the defendants in carrying the burden of fixing responsibility of plaintiff's intestate.

Perhaps it was the intention of the court to charge that if the timber was cut by agreement between Brown and Harrison, to which agreement the defendants were not parties, it was incumbent on the defendants, in order to recover, to show these facts. But the instruction goes much further. It puts the burden upon the defendants to satisfy the jury that they did not consent to any agreement between Brown and Harrison whereby the latter was to pay Brown for the timber cut, and in the same instruction puts the burden upon the defendants to show that they did consent to such agreement.

In this connection we quote from the instruction to the jury brought forward in defendants' Exception No. 6, pertaining to the same issue: "And now, upon that second issue, if the defendants have satisfied you by the greater weight of the evidence, that Mr. Brown, Mr. W. B. Brown, did sell some of the timber on that land in question, that he made an agreement with Harrison to have it cut, and that the defendants did not

12—219

have any part in that agreement, that is, that they did not consent to it, and that the agreement was to the effect that the timber was to be cut and that the man, Harrison, was to account to Mr. Brown for it, and that the defendants did not enter into that agreement and consent to it, then it would be your duty to answer that second issue, Yes." In this it will be noted that the burden was put upon the defendants to show an agreement between Brown and Harrison, and that agreement was "to the effect that the timber was to be cut and that the man Harrison was to account to Mr. Brown for it." The defendants were certainly not required to show by the greater weight of the evidence that there was an agreement between Brown and Harrison that the former should receive the proceeds of the cutting. But attention is called to the circumstance that this part of the instruction places the burden upon the defendants to show that the transaction was without their consent, whereas, the instruction just noted puts the burden upon them to show that it was with their consent.

We think there is error in the submission of the issue above set out over defendants' objection and in the instructions noted, entitling the defendants to a new trial. It is so ordered.

New trial.