S. W. ANDERSON AND BRYCE LITTLE, TRUSTEE, v. THOMAS P. MOORE AND WIFE, MARY ANNA MOORE.

(Filed 7 March, 1951.)

**1. Mortgages § 17c—**

Ordinarily a mortgagee in possession is required to account for the rents and profits he receives from the premises.

**2. Mortgages § 16b—**

Where the mortgagee is permitted to remain in actual possession as mortgagee for a period of ten years, and no action to foreclose or redeem has been instituted, the right to redeem is barred. G.S. 1-47 (4).

**3. Mortgages § 17c—**

Where the right to redeem is barred the right to enforce an accounting is likewise barred. G.S. 1-47 (4).

**4. Same—**

The right of the mortgagor to an accounting of rents and profits by the mortgagee in possession is exclusively equitable, and may be asserted only in a suit to foreclose or to redeem, or in connection with voluntary payment.

**5. Same—**

The institution of suit to foreclose by the mortgagee in possession tolls G.S. 1-47 (4), and the right of the mortgagor to demand an accounting for the rents and profits is not barred during the pendency of the foreclosure suit.

**6. Mortgages § 31g—**

Where a decree of foreclosure is entered directing the commissioner appointed to sell the lands, but no further proceedings are had in the matter and no sale held, the foreclosure suit remains pending for the purposes of motions in the cause.

**7. Mortgages § 17c: Equity § 3—**

Laches will not preclude a mortgagor from demanding an accounting from the mortgagee in possession regardless of the length of time after the entry of decree of foreclosure so long as the foreclosure suit remains pending.

**8. Actions § 10—**

Rendition of judgment does not terminate an action but the action remains pending until judgment is satisfied, and is open to motion for execution, for recall of execution, to determine proper credits and for other matters relating to the existence of the judgment or the amount due thereon.

**9. Mortgages § 17c: Equity § 3—**

Where the mortgagee permits decree of foreclosure to remain unexecuted and subject to further orders of the court, his delay precludes him from asserting that the mortgagor is barred by laches from moving for an accounting.

APPEAL by defendants from *Bone, J.,* October-November Term, 1950, of WILSON.

This is an action to foreclose a deed of trust.

The facts pertinent to the appeal are as follows:

1. On 5 June, 1928, the plaintiff S. W. Anderson entered into a written agreement with the defendant Thomas P. Moore for the sale and purchase by the respective parties of the plaintiff's home at No. 1000 West Lee Street, in the Town of Wilson, N. C., for the sum of $7,500.00. It was stipulated in the agreement that the seller, S. W. Anderson, was to mortgage the property to the Carolina Mortgage Company and credit the proceeds on the purchase price. The property was then to be conveyed to the purchaser, Moore, who would execute a second deed of trust, securing the balance of the purchase price to the seller. This contract was carried out in 1928, and the purchaser went into possession.

2. In 1931, the purchaser Moore defaulted in the payments due on the notes secured by both mortgages, whereupon the plaintiff Anderson reentered the premises and has been in possession thereof ever since. The plaintiff Anderson paid off the first mortgage to Carolina Mortgage Company according to its terms.

3. In 1932 the present action was instituted to foreclose the second deed of trust upon the property. Personal service was had upon the defendants as mortgagors. No answer was filed by them and judgment by default final in the sum of $2,350.00 with interest from 24 July, 1931, until paid, was entered by the Clerk of the Superior Court, who also ordered the defendants foreclosed of their equity of redemption in the land if they failed to pay the judgment in thirty days, and appointed a commissioner to sell the mortgaged premises upon such failure and to apply the proceeds to the debt. The cause was retained for other and further orders. Shortly thereafter the commissioner was taken seriously ill. No further proceedings were had in the matter and no sale has been held.

4. The defendants have made no payments upon their indebtedness to the plaintiff Anderson since their default in 1931.

In 1950, however, the defendants filed a motion in the cause for an accounting. The motion was denied. Defendants excepted and appealed to the Supreme Court, assigning error.

*F. L. Carr for plaintiff, appellee.*

*G. L. Parker and R. F. Mintz for defendants, appellants.*

DENNY, J. Ordinarily a mortgagee in possession is required to account for the rents and profits he receives from the premises. *Brown v. Daniel,* 219 N.C. 349, 13 S.E. 2d 623; *Mills v. Loan Asso.,* 216 N.C. 664, 6 S.E.

2d 549; *Fleming v. Land Bank,* 215 N.C. 414, 2 S.E. 2d 3; *Kistler v. Development Co.,* 214 N.C. 630, 200 S.E. 400; *Crews v. Crews,* 192 N.C. 679, 135 S.E. 784; *Weathersbee v. Goodwin,* 175 N.C. 234, 95 S.E. 491; *Green v. Rodman,* 150 N.C. 176, 63 S.E. 732; Glenn on Mortgages, Vol. II, Sec. 206, p. 1033; Jones on Mortgages (8th Ed.), Vol. II, Sec. 1425, 59 C.J.S., Mortgages, Sec. 856 (a), p. 1657, and Sec. 857 (b), p. 1664; 36 Am. Jur., Mortgages, Sec. 306, p. 843. If, however, he is permitted to remain in actual possession of such premises, as mortgagee, for a period of ten years and the mortgage debt has not been paid and no action to foreclose or redeem has been instituted in the meantime, title to the premises will be deemed to be in him, and the ten-year statute of limitations, G.S. 1-47 (4), if properly pleaded and relied upon, will be a complete defense to an action to redeem. *Hughes v. Oliver* and *Oliver v. Hughes,* 228 N.C. 680, 47 S.E. 2d 6; *Crews v. Crews, supra; Bernhardt v. Hagamon,* 144 N.C. 526, 57 S.E. 222; *Frederick v. Williams,* 103 N.C. 189, 9 S.E. 298. And when the right to redeem is barred by the statute of limitations, G.S. 1-47 (4), the right to enforce an accounting is likewise barred.

Moreover, the right of the mortgagor to "an account of the rents and profits of the land received by the mortgagee is purely and exclusively of equitable cognizance. At law he cannot be made to account. The mortgagor has a right of redemption only in equity, and the right to account is only an incident to this." Jones on Mortgages (8th Ed.), Vol. II, Sec. 1426, p. 913.

"The rule, then, is that the mortgagee's accountability must be adjudged in a suit to foreclose or a suit to redeem, or in connection with voluntary payment." Glenn on Mortgages, Vol. II, Sec. 206, p. 1035.

The plaintiff Anderson had been in possession of the premises involved herein, as mortgagee, for more than nineteen years, when defendants moved for an accounting. Consequently, any right the defendants may have for an accounting depends on whether the institution of the foreclosure suit by the plaintiffs in 1932, which is still pending, tolled the statute of limitations, G.S. 1-47 (4). That question appears to have been settled adversely to the plaintiff Anderson's position. *Barnhill, J.,* in speaking for the Court in *Insurance Co. v. Knox,* 220 N.C. 725, 18 S.E. 2d 436, with respect to the effect the institution of a foreclosure suit would have on the running of the statute of limitations, said: "The action, once instituted within the 10-year period against all parties having any record interest in the land, suspends the running of the statute of limitations. Neither the parties to the action nor anyone claiming under them can thereafter successfully plead such statute in bar of plaintiff's right to foreclose." And since a mortgagor has the right to redeem, at any time before the sale of the property pledged to secure his debt by paying such

indebtedness, he has a right to an accounting to determine whether or not there is anything due the mortgagee. 36 Am. Jur., Mortgages, Sec. 301, p. 841; Glenn on Mortgages, Vol. II, Sec. 210, p. 1043. If the mortgagee in possession has received sufficient rents and profits to liquidate the indebtedness secured by his mortgage, the mortgagor is entitled to have an entry of satisfaction entered on the judgment of foreclosure, the mortgage or deed of trust canceled, and the premises surrendered to him free and clear of the indebtedness secured thereby.

The appellee Anderson contends, however, that since eighteen years have elapsed since the entry of the judgment of foreclosure, the defendants have been guilty of laches and should not be permitted at this late date to assert a right of redemption by a motion in the cause. This contention is untenable. In the case of *Finance Co. v. Trust Co.,* 213 N.C. 369, 196 S.E. 340, this Court said: "An action in court is not ended by the rendition of a judgment, but in certain respects it is still pending until judgment is satisfied. It is open to motion for execution, for recall of an execution, to determine proper credits and for other matters affecting the existence of the judgment or the amount due thereon." *Land Bank v. Davis,* 215 N.C. 100, 1 S.E. 2d 350; McIntosh, Prac. and Proc., Sec. 991, and cited cases.

Furthermore, the plaintiff Anderson is in no position to raise the question of laches on the part of the defendants. He has been in a position to consummate this foreclosure proceeding at any time after the expiration of thirty days from the entry of the judgment of foreclosure on 19 September, 1932, but has failed and neglected to do so. On the contrary, he has permitted the judgment of foreclosure to remain unexecuted, subject to the further orders of the court, and by reason of his delay he has made the present situation possible. Undoubtedly this delay may well have enhanced the value of the defendants' equity of redemption. However this may be, it has no bearing one way or the other on his duty as mortgagee in possession to account for the rents and profits received by him while he is in possession in such capacity, nor upon the right of the mortgagors to demand an accounting of him.

In view of the conclusion reached herein, we deem it advisable to call attention to the following statement which appears in the opinion in the case of *Oliver v. Hughes, supra:* "The defendants . . . contend that if the plaintiff is entitled to foreclose his deed of trust, as provided in the judgment entered below, he must account for rents and profits while he was in possession of the respective tracts of land. This contention cannot be sustained on this record, for the reason no such relief is sought by them in their pleadings. It will also be noted that these defendants made no tender, nor do they allege a willingness or desire to exercise their right to redeem the lands conveyed in said deed of trust."

Perhaps it should have been pointed out in that opinion that the plaintiff nor his successor in title, who entered into possession of the premises subject to the superior lien, entered into possession thereof as mortgagee under the superior lien which plaintiff was seeking to foreclose, 59 C.J.S., Mortgages, Sec. 856, p. 1659, but entered under the conditions and circumstances as set out in the companion case of *Hughes v. Oliver, supra,* consolidated and tried with the case of *Oliver v. Hughes.* Moreover, the question of rents was litigated in the case of *Hughes v. Oliver* and a judgment therefor obtained pursuant to the provisions of G.S. 1-341. However, reference to the case of *Oliver v. Hughes* is made for the purpose of saying that anything in the opinion therein which might be construed as being in conflict with the general rule with respect to the right of a mortgagor to an accounting by a mortgagee in possession is modified to that extent.

We think on the facts disclosed on the present record, the defendants are entitled to an accounting, and the ruling of the court below to the contrary is

Reversed.