ELLA GAY, WIDOW OF JOHN THOMAS GAY, v. J. EXUM & COMPANY, INC.

(Filed 31 October, 1951.)

**1. Dower § 2—**

A widow is entitled to dower in all lands of which her husband was seized during coverture, unless she forfeits her rights or voluntarily relinquishes same, G.S. 30-4, subject to all liens legally created by the husband prior to the marriage. G.S. 30-5.

**2. Dower § 3—**

Except for purchase money mortgages and deeds of trust, G.S. 30-6, conveyance or encumbrancing of land by the husband without the joinder of his wife does not affect the wife's right to dower.

**3. Dower § 9: Adverse Possession § 4e—**

Ordinary statutes of limitation, even though they bar the husband's rights, do not run against the wife's right to assert her dower upon his death unless they so provide, since until his death she has no right to act to protect her dower, and his non-action cannot adversely affect her interests any more than a conveyance by him. Moreover, she has ten years to petition for allotment of dower in lands not in actual possession following his death. G.S. 1-47 (5).

**4. Mortgages § 16b: Dower § 9—**

The mortgagee in an instrument executed prior to the mortgagor's marriage went into possession without foreclosure. The husband's right to redeem was barred by such possession for more than ten years after such right accrued. G.S. 1-47 (4). *Held:* The wife's right to dower was not barred.

**5. Mortgages § 17c—**

Where the widow asserts her dower right in the equity of redemption in lands in possession of the mortgagee, she is entitled to an accounting for the rents and profits from the death of her husband up to the assignment of dower, but an accounting for the period prior to her husband's death is competent solely for the purpose of ascertaining the value of the equity of redemption to which her dower right attaches.

APPEAL by respondent from *Carr, J.,* at Chambers in Burlington, North Carolina, 13 July, 1951. From GREENE.

This proceeding was instituted 20 April, 1951, by the petitioner to have dower allotted and assigned to her in the land referred to in the petition filed herein.

According to the agreed statement of facts, the petitioner and John Thomas Gay were lawfully married in Greene County, North Carolina, in 1929 and lived together as man and wife until his death in September, 1950. He died intestate.

At the time of the marriage of the petitioner and John Thomas Gay, the said John Thomas Gay was seized of a tract of land in Snow Hill Township, in the County of Greene, State of North Carolina, consisting of approximately 117 acres, subject to certain mortgages executed by John Thomas Gay prior to his intermarriage with the petitioner. One of these mortgages was executed 14 November, 1922, in favor of the Greensboro Joint Stock Land Bank to secure a principal indebtedness of $1,500; and the other to J. Exum & Co., a partnership, to secure a principal indebtedness of $5,000.

John Thomas Gay and his wife, the petitioner, lived on the land in question from the time of their marriage in 1929 until early in 1932, when they surrendered the possession thereof to J. Exum & Co., one of the mortgagees. J. Exum & Co., the partnership, and its successor, J. Exum & Co. Inc., a corporation, have been in continuous possession of said land as mortgagee or assignee of the mortgagee since 1932. Neither of the mortgages has been foreclosed, but J. Exum & Co. paid off and discharged the mortgage to the Greensboro Joint Stock Land Bank in 1937.

The Clerk of the Superior Court of Greene County, North Carolina, entered a decree to the effect that petitioner is the owner of a dower interest in the lands described in the petition and ordered that her dower be allotted as provided by law. The respondent appealed to the Superior Court.

Upon the agreed statement of facts, the court below held that petitioner is entitled to have her dower allotted to her in the manner provided by law in the equity of redemption which her deceased husband, John Thomas Gay, had in the said land during coverture.

The court being of the opinion that in determining the value of said equity of redemption the petitioner is entitled to an accounting between her and the respondent from the time the mortgagee went into possession up to the time of the accounting, entered judgment accordingly.

The respondent appealed and assigned error.

*Geo. W. Edwards and K. A. Pittman for respondent, appellant.*
*Lewis & Rouse for petitioner, appellee.*

GAY v. EXUM & CO.

DENNY, J. The appellant argues and contends that the mortgagor lost his right to redeem the lands involved herein prior to his death and therefore the widow's right to dower in the equity of redemption was lost when the husband ceased to have an enforceable right to redeem the property. G.S. 1-47 (4).

In this jurisdiction a widow has the common-law right of dower. G.S. 30-4. And subject to the provisions of the above statute with respect to certain conduct on the part of a married woman which may be pleaded in bar of any action to have dower allotted, "every married woman, upon the death of her husband intestate, or in case she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements and hereditaments whereof her husband was seized and possessed at any time during coverture, . . . she shall in like manner be entitled to such an estate in all . . . equities of redemption or other equitable estates in lands, tenements and hereditaments whereof her husband was seized in fee at any time during the coverture, subject to all valid encumbrances existing before the coverture or made during it with her free consent lawfully appearing thereto." G.S. 30-5.

Therefore, under the general rule and our statutory provisions, a widow is entitled to dower in all the lands of which her husband was seized during coverture, unless in the meantime she has voluntarily released same, but her right to dower in lands of which her husband was seized at the time of their marriage, is subject to all subsisting liens legally created by the husband prior to the marriage. G.S. 30-5; 28 C.J.S. Dower, section 39 (a), page 105.

Unquestionably, the husband of the petitioner, John Thomas Gay, had lost his right to redeem the premises in question prior to his death by permitting the mortgagee to remain in possession for more than ten years after his right to redeem accrued, provided the provisions of G.S. 1-47 (4) had been pleaded in bar thereof. *Anderson v. Moore,* 233 N.C. 299, 63 S.E. 2d 641; *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Crews v. Crews,* 192 N.C. 679, 135 S.E. 784; *Bernhardt v. Hagamon,* 144 N.C. 526, 57 S.E. 222.

Even so, the loss of the husband's right to redeem by surrendering the possession of the premises to the mortgagee for a period sufficient to bar an action by him for redemption, does not have any greater force and effect upon his widow's right of dower in the equity of redemption than if he had conveyed all his right, title, and interest in such equity of redemption to the mortgagee by deed without the joinder of his wife. Such a conveyance would have passed the husband's interest alone and would not have affected the wife's right to dower in such equity. *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228; *Rook v. Horton,* 190 N.C. 180,

129 S.E. 450, 41 A.L.R. 1111; 1 Am. Jur. Adverse Possession, Section 93, page 844. The only instance where a husband may execute a conveyance without the joinder of his wife, and pass the whole interest, is where he executes a mortgage or deed of trust to secure the purchase money or any part thereof, of land bought by him. G.S. 30-6.

It is said in 17 Am. Jur., Dower, section 91, page 746: "In those jurisdictions where a wife is entitled to dower in all lands of which her husband is seized at any time during coverture, provided there is no relinquishment of her dower right, the weight of authority holds that no adverse possession against the husband in his lifetime, however long continued, will bar the wife's dower."

Moreover, a widow is given ten years by statute to petition for the allotment of dower upon lands not in her actual possession following the death of her husband. G.S. 1-47 (5).

. In the case of Rook v. Horton, supra, it is said: "Since the wife may not maintain an action for dower prior to the husband's death she is not put to her right of action against a disseizor during the coverture; and, therefore, adverse possession by a disseizor with or without color of title, after her marriage, does not bar or affect her right to dower." And her right to dower cannot be defeated or impaired by any act of the husband or by any title emanating from him. 17 Am. Jur., Dower, section 50, page 704, citing numerous authorities.

The reason why the ordinary statutes of limitation do not, unless otherwise provided, apply to dower is well stated in the case of Williams v. Williams, 89 Ky. 381, 12 S.W. 760, where the husband had lost his title to lands by adverse possession. The Court said: "The wife cannot be heard until she becomes a widow; and the law is unwilling to make the silence of a party deprive her of a right when it at the same time forbids her to speak. The statute of limitations is founded upon the idea that if one has a right, and neglects to avail himself of the remedy which the law affords within the time limited, it is presumed that he has abandoned the right. It would be unreasonable to divest the wife of her inchoate right of dower for non-action, when she has no power to protect or save it, and is guilty of no laches. If so, she would suffer from silence enjoined by law."

The petitioner is entitled to an accounting from the time J. Exum & Co. went into possession in 1932 until the death of her husband in 1950 for the sole purpose of ascertaining the value of the equity of redemption to which her right of dower attaches, however, upon the ascertainment of the value of the equity of redemption, the widow is entitled to an accounting of the mense profits from the death of her husband up to the assignment of dower. In re Gorham, 177 N.C. 271, 98 S.E. 717. With this modification, the judgment of the court below will be upheld.

Modified and affirmed.