MARIAH JORDAN AND CLESIE JORDAN v. N. E. CHAPPEL.

(Filed 18 September, 1957.)

**1.   Mortgages § 30I (3)**

   This action for the recovery of certain real estate from the mortgagee in possession and for an accounting for rents *held* barred by the lapse of more than ten years.   G.S. 1-47(4).

**2.   Equity § 2—**

   Judgment that plaintiffs were guilty of *laches* in failing to assert their rights, sustained under the facts of this case.

APPEAL by plaintiff Mariah Jordan from *Parker, J.*, January Term 1957, of PERQUIMANS.

This is a civil action for the recovery of certain real estate from the defendant as mortgagee, and for an accounting for rents.

The parties waived a jury trial and submitted the case to the trial judge upon an agreed statement of facts and authorized him to make his conclusions of law therefrom and to enter judgment accordingly.

The facts are as follows: (1) On 10 November 1913, Susan Thatch and Mariah Jordan owned in fee simple the land in controversy. (2) On the above date, Susan Thatch, Mariah Jordan and her husband Clesie Jordan, executed and delivered to the defendant, N. E. Chappel, for a consideration of $500.00, that certain mortgage filed in the office of the Register of Deeds of Perquimans County, on 11 November 1913, and recorded in Mortgage Book 10, page 299. (3) After the above date, Susan Thatch died intestate, leaving as her only heir at law Mariah Jordan. Clesie Jordan is now deceased. (4) During the month of November 1913, the aforesaid mortgagors delivered the possession of the land in controversy to the defendant as mortgagee, and the defendant has been in exclusive and continuous possession thereof since that time, collecting the rents therefrom, paying the taxes thereon, making all repairs to the buildings located thereupon, and having renovated and rebuilt one building. No demand for possession or for an accounting for rents was made upon the defendant until the institution of this action on 2 February 1955. (5) The said indebtedness was due and payable on 10 October 1915, but no payments have been made thereon. The defendant's possession has been only as a mortgagee. The mortgage is uncanceled of record.

Upon the foregoing facts the court held the right of redemption is barred by the statute of limitations and that the plaintiffs were guilty of laches in failing to assert their rights in the land described in the complaint for an unreasonable and unexplained length of time.

Plaintiff Mariah Jordan appeals, assigning error.

*P. H. Bell and Chas. V. Bell for appellant.*
*LeRoy & Goodwin for appellee.*

PER CURIAM. The judgment of the court below is supported by the provisions of G.S. 1-47 (4) and the decisions of this Court construing said statute. *Anderson v. Moore,* 233 N.C. 299, 63 S.E. 2d 641; *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Crews v. Crews,* 192 N.C. 679, 135 S.E. 784.

Likewise, the conclusion of law with respect to laches is sustained. *Stell v. Trust Co.,* 223 N.C. 550, 27 S.E. 2d 524; *Peedin v. Oliver,* 222 N.C. 665, 24 S.E. 2d 519.

The judgment of the court below is
Affirmed.